IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| URVE MAGGITTI,<br><br>     Plaintiff,<br><br>  v.<br><br>HON. BRET M. BINDER, in his official<br>capacity, et al.,<br><br>     Defendants. | CIVIL ACTION<br>NO. 23-1184 |
| URVE MAGGITTI,<br><br>     Plaintiff,<br><br>  v.<br><br>HON. BRET M. BINDER, et al.,<br><br>     Defendants. | CIVIL ACTION<br>NO. 23-2273 |
| URVE MAGGITTI,<br><br>     Plaintiff,<br><br>  v.<br><br>HON. JOHN P. CAPUZZI, sr., in his official<br>capacity, et al.,<br><br>     Defendants. | CIVIL ACTION<br>NO. 23-3185 |
| URVE MAGGITTI,<br><br>     Plaintiff,<br><br>  v.<br><br>MAHON, et al.,<br><br>     Defendants. | CIVIL ACTION<br>NO. 23-4359 |

1

**OPINION**

**Slomsky, J.**                                                    **December 1, 2023**

## I.   INTRODUCTION

Throughout 2023, Urve Maggitti ("Plaintiff") has filed lengthy Complaints, Motions and other documents in this Court all stemming from the same course of events. As a result, on December 1, 2023, the Court ordered the four above-captioned actions be consolidated. Before the Court now are ten Motions to Dismiss filed by Defendants in three of the actions. For the reasons discussed below, all ten Motions to Dismiss will be granted, disposing of the three cases, and for reasons discussed infra, the fourth action will be dismissed sua sponte. Further, in the second action (Civ. No. 23-2273) and the fourth action (Civ. No. 23-4359), for reasons discussed infra, Plaintiff will have thirty (30) days to file an Amended Complaint that complies with Federal Rule of Civil Procedure 8(a)(2).

## II.   BACKGROUND

Plaintiff's claims all originate from her completed divorce case in the Court of Common Pleas of Chester County.[1]  In March 2022, during a hearing in the divorce action, she requested that Judge Bret M. Binder allow her to use a private court reporter to transcribe the proceeding. (Civ. No. 23-2273, Doc. No. 5 at 149.)  Judge Binder denied the request. (Id.)  Unbeknownst to Judge Binder or the lawyers present at the hearing, Plaintiff recorded the hearing on her own personal recording device. (Id. at 160.)  She then filed the recording with the Chester County Prothonotary's Office and filed a Motion to Correct the Official Transcript based on the filed recording. (Id. at 157.)  Judge Binder denied her request. (Id. at 162.)  Plaintiff then appealed this

---

[1] See Court of Common Pleas of Chester County Civil Docket No. 2021-06762-DI.

denial.  Following her filing of the recording, Chester County Detectives were notified that a recording was made of the court proceeding and an investigation ensued.  On February 1, 2023, Detective Steven Parkinson filed a Police Criminal Complaint against Plaintiff, alleging that she violated 18 Pa. C.S.A. § 5103.1(a), which prohibits the unlawful use of an audio or video device in court.  See Magisterial District Court Docket No. MJ-15203-CR-0000047-2023.  Plaintiff had a preliminary hearing before Magisterial District Judge Martin G. Goch and was held for trial in the Court of Common Pleas of Chester County.  See Court of Common Pleas of Chester County Docket No. MJ-15203-CR-0000047-2023.  An Information with the charge was filed on June 16, 2023, and she was arraigned on the same day.  Id.  Trial is scheduled for January 24, 2024.  Id.

In May 2022, Plaintiff filed a tort case in the Court of Common Pleas of Chester County against her former husband's attorneys alleging numerous torts and a conspiracy against her.  See Court of Common Pleas of Chester County Civil Docket No. 2022-01774.  She also sued two judges for allegedly being part of the conspiracy.[2]  See id.

On March 27, 2023, Plaintiff filed her first action in the Eastern District of Pennsylvania against ten (10) Defendants ("first action") seeking injunctive relief.  (Civ. No. 23-1184, Doc. No. 1.)  On May 17, 2023, four Defendants filed a joint Motion to Dismiss the Complaint (Doc. No. 17) and on May 19, 2023, the final six Defendants filed a joint Motion to Dismiss the Complaint (Doc. No. 19).  These two Motions to Dismiss (Doc. Nos. 17, 19) are now ripe for disposition by this Court.

---

[2]  Plaintiff also filed complaints against numerous attorneys with the Office of Disciplinary Counsel and sought numerous state criminal complaints against judicial officers, attorneys and court staff.

On June 14, 2023, Plaintiff filed the second action against sixty-eight (68) Defendants. (Civ. No. 23-2273, Doc. No. 1.)  On September 7, 2023, Plaintiff filed an Amended Complaint. (Doc. No. 5.)  Six Motions to Dismiss the Amended Complaint have been filed in this case.  (Doc. Nos. 17, 21, 27, 33, 38, 39.)  On August 16, 2023, Plaintiff brought a third action against four (4) Defendants.  (Civ. No. 23-3185, Doc. No. 1.)  Two Motions to Dismiss the Complaint have been filed in this case.  (Doc. Nos. 10, 12.)  These eight Motions to Dismiss are also ripe for disposition by this Court.

On November 2, 2023, Plaintiff brought a fourth action against twenty-seven (27) Defendants.  (Civ. No. 23-4359, Doc. No. 1.)

In sum, Plaintiff contends numerous torts and conspiracies were committed against her by judges, judicial employees, her former husband's attorneys, and various other individuals.  She is seeking injunctive relief, declaratory judgments, compensatory damages, and punitive damages of over $100 billion dollars.

### III.    STANDARD OF REVIEW

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  After Iqbal it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss.  Id. at 678; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Iqbal, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Iqbal, 556 U.S. at 678).  Instead, "[a] claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678).

A complaint can also be dismissed under Federal Rule of Civil Procedure 12(b)(6) if a plaintiff has not pled any legally cognizable claims for declaratory relief. Ridge v. Campbell, 984 F.Supp.2d 364, 374 (M.D. Pa. 2013). The Declaratory Judgment Act provides that:

> any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C.A. § 2201(a). "In determining the appropriateness of declaratory relief, the court must consider whether such relief will resolve an uncertainty giving rise to a controversy, the convenience of the parties, the public interest, and the availability of other remedies." Ridge, 984 F. Supp. 2d at 373–74 (citing Iseley v. Bucks Cnty., 549 F.Supp. 160, 166 (E.D. Pa. 1982)). However, it is well established that a "[d]eclaratory judgment is inappropriate solely to adjudicate past conduct." Corliss v. O'Brien, 200 F. App'x 80, 84–85 (3d Cir. 2006); see also Khodara Envtl., Inc. v. Blakey, 376 F.3d 187, 196 (3d Cir. 2004) ("[D]eclaratory judgments are typically sought before a completed injury has occurred.") (quoting Pic–A–State Pa. Inc. v. Reno, 76 F.3d 1294, 1298 (3d Cir. 1996)); Blakeney v. Marsico, 340 F. App'x 778, 780 (3d Cir. 2009) ("[E]ven if defendants violated [plaintiff's] rights in the past as he alleges, [plaintiff] is not entitled to a declaration to that effect.").

Further, when a Plaintiff is proceeding pro se, "[t]he obligation to liberally construe a pro se litigant's pleadings is well-established." Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Haines v. Kerner, 404 U.S. 519, 520-21, (1972). "Complaints filed pro se should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" Durham v. Kelley, 82 F.4th 217, 223 (3d

Cir. 2023) (quoting <u>Shorter v. United States</u>, 12 F.4th 366, 370-71 (3d Cir. 2021)).  "Liberal construction does not, however, require the Court to credit a <u>pro</u> <u>se</u> plaintiff's 'bald assertions' or 'legal conclusions.'"  <u>Grohs v. Yatauro</u>, 984 F.Supp.2d 273, 282 (D.N.J. 2013) (quoting <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  "[T]here are limits to [the courts'] ... flexibility.... [P]ro <u>se</u> litigants still must allege sufficient facts in their complaints to support a claim."  <u>Mala v. Crown Bay Marina, Inc.</u>, 704 F.3d 239, 245 (3d Cir. 2013).  "Even a <u>pro</u> <u>se</u> complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief."  <u>Grohs</u>, 984 F.Supp.2d at 282 (citing <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981)).

## IV.    ANALYSIS

### 1.  <u>Maggitti v. Hon. Bret M. Binder et al</u>, Civil Action No. 23-1184

In the first <u>pro</u> <u>se</u> action, Plaintiff is seeking declaratory relief and names ten (10) Defendants.  (Civ. No. 23-1184, Doc. No. 1.)  Two Defendants are judges sued in their official capacity, one Defendant is a deputy prothonotary of the Superior Court of Pennsylvania, six Defendants are lawyers that represented Plaintiff's ex-husband in divorce proceedings, and one Defendant is an unnamed "motions judge."  (<u>See</u> <u>id.</u> at 1-2.)  In her Complaint, she seeks declaratory relief from the enforcement of various court orders entered in state court.[3]  (Doc. No.

---

[3]  Specifically, Plaintiff cites in her Complaint that she was denied in state court:

   a.   the right to use her paid for privately hired court reporter. . .
   . . .
   c.   the right to take appeal on corrected record,
   d.   a request for stay in appeal pending mandamus in [the Pennsylvania] Supreme Court,
   e.   an injunction
   f.   equal protection of law

(Doc. No. 1 at 6.)

1 at 2-6, 26-27.)  She requests this Court to enter a "declaration of rights" regarding eleven questions she presents here.[4]  (Id.)  The questions stem from state court orders that denied her request to bring her own private court report to judicial hearings and to correct the official transcript from her divorce proceedings.  (Id.)   In response, Defendants request that the Court dismiss the Complaint for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff is only seeking to relitigate state court orders.  (Doc. No. 16 at 2, Doc. No. 17 at 2.)  This Court agrees, and for the reasons stated below, the Motions to Dismiss will be granted.

While a plaintiff may seek declaratory relief, she must show a likelihood of future injury, as a declaratory judgment is an inappropriate remedy to proclaim liability for past actions.[5]  See Corliss v. O'Brien, 200 Fed. Appx. 80, 84 (3d Cir. 2006).  In Corliss, plaintiff asked the district court to "declare" that his constitutional rights were violated by state court judges when they presided over his previous cases.  Id.  On appeal, the Third Circuit stated that:

---

[4] The questions asked by Plaintiff all follow the same general format.  For example, she asks:

> 1. . . Does Plaintiff/Relator Urve Maggitti have the right to listen and take notes and disseminate to the parties of the legal action and publish by way of filing an official motion, what she observes in the proceedings in the legal case to which she is a party, under [the] Bill of Rights, such as is guaranteed to the general public under the First Amendment?. . .

(Doc. No. 1 at 6.)

[5] Suits requesting declaratory relief are permitted against judges in rare circumstances.  See Brandon E. ex rel. Listenbee v. Reynolds, 201 F.3d 194, 197-98 (3d Cir. 2000).  For instance, in Georgevich v. Strauss, the Third Circuit found that a suit requesting declaratory relief against state court judges was permitted because those judges were administrators of the parole system under state statutes and were proper parties to a Section 1983 suit challenging the constitutionality of those statutes.  Georgevich v. Strauss, 772 F.2d 1078 (3d Cir. 1985) (en banc)); see also Sup. Ct. of Va. v. Consumers Union of Am., Inc., 446 U.S. 719, 736, (1980) (holding that plaintiffs could sue judges in their enforcement capacities to enjoin them from enforcing bar membership requirements that the judges themselves promulgated).

> We believe that [plaintiff] is not seeking declaratory relief in the true legal sense. . . Declaratory judgment is inappropriate solely to adjudicate past conduct. <u>Gruntal & Co., Inc. v. Steinberg</u>, 837 F.Supp. 85, 89 (D.N.J. 1993).  Nor is declaratory judgment meant simply to proclaim that one party is liable to another.  <u>See Loveladies Harbor, Inc. v. United States</u>, 27 F.3d 1545, 1553-54 (Fed. Cir. 1994) (en banc).

<u>Corliss</u>, 200 Fed Appx. at 84-85.

Here, Plaintiff is only seeking declaratory relief for past actions by Defendants in her divorce proceedings.  For example, she is claiming Defendants violated her First Amendment rights by preventing her from using a privately hired court reporter, refusing to correct alleged errors on the transcript, and by denying an appeal, a request for stay, and an injunction.  (Doc. No. 1 at 6.)  The core of all of her claims is her disagreement with the state court findings and orders.

In sum, Plaintiff is suing Defendant judges and deputy prothonotary for ruling against her in state court in her civil and criminal actions.  Importantly, Plaintiff is not providing facts demonstrating how a future injury is likely to be caused by any of Defendant Judges, deputy prothonotary or lawyers.  She is only seeking to relitigate the state decisions in federal court by way of a declaratory judgment.  In following Third Circuit precedent, this relief is not available to Plaintiff.  As such, even in construing her <u>pro se</u> allegations liberally, none of the allegations state a claim for which relief can be granted against the Defendants.  Thus, the Motion to Dismiss (Doc. Nos. 16, 17) will be granted.

### 2.  <u>Maggitti v. Hon. Bret M. Binder et al</u>, Civil Action No. 23-2273

In her second <u>pro se</u> action, Plaintiff is seeking compensatory damages, injunctive and declaratory relief against sixty-eight (68) Defendants.  (Civ. No. 23-2273, Doc. No. 5.)  In her Amended Complaint, she alleges thirty (30) causes of action including, among others, negligent infliction of emotional distress, breach of contract, malicious prosecution, civil rights conspiracy,

and common law conspiracy.[6]  (See id.)  Plaintiff seeks compensatory damages in the amount of $10,00,000 against each of the sixty-eight (68) Defendants, and punitive damages in excess of $136,000,000,000.  (Id.)  For the reasons discussed below, Plaintiff's pro se Amended Complaint will be dismissed for failing to comply with Federal Rule of Civil Procedure Rule 8(a)(2).

Federal Rule of Civil Procedure 8(a)(2) requires a "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The United States Supreme Court has stated that Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Twombly, 127 S.Ct. at 1966.  Further, the statement should be short because extremely lengthy filings "in a pleading place[] an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).  However, while courts are "more forgiving of pro se litigants for filing relatively organized or somewhat lengthy complaints," a pro se complaint may still permissibly be dismissed based on Rule 8(a)(2) noncompliance.  Garrett v. Wexford Health, 938 F.3d 69, 92 (3d Cir. 2019); Kamdem-Ouaffo v. Huczko, 810 Fed.Appx. 82, 84-85 (3d Cir. 2020) (affirming dismissal of a Complaint with 2,500 numbered paragraphs and hundreds of pages of exhibits); Karupaiyan v. Naganda, No. 21-2560, 2022 WL 327724, at *2 (3d Cir. Feb. 3,

---

[6] She also alleges a "whistleblower action" and an action under a RICO statute, alleging that she has uncovered a criminal conspiracy by all Defendants to cover up attorney misconduct which defrauds insurance companies supplying attorney malpractice insurance.  Plaintiff also demands the empanelment of a grand jury to investigate and bring charges against Plaintiff's ex-husband's attorneys for misconduct, and against all defendants including the Disciplinary Board of the Commonwealth of Pennsylvania and the Chester County District Attorneys' Office for failing to prosecute attorney disciplinary complaints and private criminal complaints filed by Plaintiff. (See id.)

2022) (affirming dismissal of 180 page, single-spaced civil complaint that contained a "disjointed factual narrative.")

In this case, Plaintiff's Amended Complaint is 296 pages, contains 30 causes of action and over 1,000 numbered paragraphs.  (See Civ. No. 23-2273, Doc. No. 5.)  Plaintiff also submitted 126 separate exhibits.  (Id.)  Including exhibits, Plaintiff's pleading is 16,158 pages.  (Id.) Following Third Circuit precedent, a complaint of that size does not conform to the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure and will be dismissed without prejudice. However, Plaintiff will be granted leave to file a second Amended Complaint in thirty (30) days that complies with Federal Rules of Civil Procedure Rule 8(a)(2).[7]  As will be discussed in Section IV (4) infra, Plaintiff's fourth Complaint (Civil No. 23-4359) will also be dismissed without

---

[7] Plaintiff's Complaint can also be dismissed against the judges because judicial immunity bars the claims filed against them.  In her Complaint, Plaintiff is seeking damages from magisterial district court judges, court of common pleas judges, superior court judges and Pennsylvania Supreme Court Justices for their decisions in her state court cases.  (See Doc. No. 5.)  These judges have absolute immunity.

Judges are entitled to absolute immunity from civil rights and other claims asserted against them that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Harvey v. Loftus, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge."  Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 768 (3d Cir. 2000).  Moreover, "[g]enerally ... 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'"  Figueroa v. Blackburn, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting Barnes v. Winchell, 105 F.3d 1111, 1122 (6th Cir. 1997)).  Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, Mireles v. Waco, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others.  Dennis v. Sparks, 449 U.S. 24, 27 (1980).

The act of presiding over a state court action is a judicial act.  Because these judges sued by Plaintiff acted within their jurisdiction as judges in their respective courts, these judges have absolute immunity from being sued in Plaintiff's cases.

prejudice under Rule 8(a)(2).  See Section IV (4) infra.  Because the Court consolidated all four of Plaintiff's cases on December 1, 2023, Plaintiff should only file one Amended Complaint that encompasses both Civil Action No. 23-2273 and 23-4359.

### 3.  Maggitti v. Capuzzi et al, Civil Action No. 23-3185

In her third Complaint, Plaintiff seeks declaratory relief in the form of sixteen (16) requested judicial declarations all stemming from her pending criminal case in state court.  (Doc. No. 1.)  She has named four (4) Defendants and they have filed two Motions to Dismiss the Complaint.  (Doc. Nos. 10, 12.)  Most of the declarations sought in Plaintiff's complaint are recitations of constitutionally protected rights.  (See Doc. No 1.)   Plaintiff also asks a general question as to whether Judge John P. Capuzzi, Sr. can order her to sign a Waiver of Counsel Colloquy in the criminal case pending against her.  (Id. at 5-16.)  In sum, Plaintiff is asking the Court to intervene in her pending state criminal proceeding.[8]  Because there is a pending state court criminal proceeding that relates to these declarations, the Court will grant the Motions to Dismiss under Younger abstention grounds.

In Younger v. Harris, the United States Supreme Court held that federal courts should decline to enjoin a pending state court criminal prosecution absent a showing that the charges had been brought in bad faith or with an intent to harass.  401 U.S. 37, 53–54 (1971).  In applying the Younger abstention doctrine, federal courts should dismiss complaints that involve (1) an ongoing state judicial proceeding, (2) which implicates important state interests, and (3) offers an adequate opportunity to raise the same constitutional challenges presented in the federal action.  Middlesex

---

[8]  Plaintiff has asked the state courts on several occasions to stay the criminal proceeding pending the outcome of this case.  The stays have been denied.

County Ethics Committee v. Garden State Bar Association, 457 U.S. 423, 432 (1982) (citing Younger v. Harris, 401 U.S. 37, 53-54 (1971)).

In evaluating the second prong of Middlesex, the Third Circuit has consistently held that state criminal proceedings implicate important state interests.  See Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319, 325 (3d Cir. 2004); Zahl v. Harper, 282 F.3d 204 (3d Cir. 2002).

Here, the three prongs to satisfy Younger abstention are met.  First, there is currently an ongoing state criminal proceeding against Plaintiff.[9]  Second, the criminal proceeding implicates an important state interest- the disruption of state court proceedings, making the action especially important to the state.  Third, Plaintiff can seek adequate relief in state court, and she has done so by filing motions in the criminal case.  Therefore, because her third case here meets the requirements for Younger abstention, the Motions to Dismiss the Complaint will be granted.

### 4.  Maggitti v. Mahon et al, Civil Action No. 23-4359

In the fourth action, Plaintiff filed a Complaint against twenty-eight (28) Defendants (Civ. No. 23-4359, Doc. No. 1).  In her Complaint, Plaintiff is alleging claims similar to the claims asserted in her first three Complaints, and many Defendants are the same.  Further, many paragraphs and claims appear to be copied from her Amended Complaint in Civil Action No. 23-2273.  Because the Complaint in Civil Action No. 24-4359 arises from the same questions of law and fact and is very similar to the Amended Complaint filed by Plaintiff in Civil Action No. 23-2273, the Court will also dismiss the Complaint in Civil Action No. 23-4359 under Federal Rule of Civil Procedure 8(a)(2).

---

[9] See Court of Common Pleas Criminal Docket No. CP-15-CR-0001735-2023.

A court can dismiss a claim <u>sua sponte</u> if it is insufficiently plead under Rule 8(a)(2).  <u>M.G. v. Crisfield</u>, 547 F.Sup.2d 399, 405 (D.N.J. 2008).  As discussed in Section IV (2) <u>supra</u>, a lengthy <u>pro se</u> Complaint can be dismissed under Rule 8(a)(2) of the Federal Rules of Civil Procedure by filing a lengthy complaint that puts an unjustified burden on the court and the defense.  <u>See</u> IV, Section 2 <u>supra</u>.  Here, the Complaint itself is 295 pages.  (Doc. No. 1.)  With exhibits, it is 15,809 pages.  (<u>Id.</u>)  For this reason, the Court will dismiss this Complaint <u>sua sponte</u> for failure to comply with Federal Rule of Civil Procedure 8(a)(2).  The Complaint, however, will be dismissed without prejudice.  Plaintiff will be given thirty (30) days to file a second Amended Complaint in this case that complies with Federal Rules of Civil Procedure Rule 8(a)(2).  Because the Court consolidated all four of Plaintiff's cases on December 1, 2023, Plaintiff should only file one Amended Complaint that encompasses both Civil Action Nos. 23-2273 and 23-4359.

## V.      CONCLUSION

For the reasons discussed above, the Court will grant the Motions to Dismiss in Civil Action No. 23-1184 (Doc. Nos. 16, 17), Civil Action No. 23-2273 (Doc. Nos. 17, 21, 27, 33, 38, 39), and Civil Action No. 23-3185 (Doc. No. 10, 12) and dismiss the Complaint <u>sua sponte</u> in Civil Action No. 23-4359 (Doc. No. 1.)  Plaintiff is granted leave to file one (1) Amended Complaint in Civil Action Nos. 22-2273 and 23-4359 within thirty (30) days of the date of this Order that comply with Federal Rule of Civil Procedure Rule 8(a)(2).  An appropriate Order follows.