**Urve Maggitti**
58 E Swedesford Road, Apt 327
Malvern, PA 19355
Phone: 917-340-0561
Email: urve.maggitti@gmail.com

---

# IN THE UNITED STATES DISTRICT COURT
## for the
# EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------------------------------------------

URVE MAGGITTI,

*Plaintiff*

BRET M. BINDER
ANTHONY T. VERWEY
WILLIAM P. MAHON
MARTIN G. GOCH
MARC J. LIEBERMAN
JOHN HALL
DEBRA TODD
DEB RYAN
DANIEL E ROLAND
FREDDA L. MADDOX
ROSANA CASTRO
DEBBIE HUNTER
JACK A. PANELLA
BENJAMIN D. KOHLER
AMY DREIBELBIS
HILLARY J. MOONAY
DAVID A. NASATIR
MATHIEU J. SHAPIRO
THOMAS A. LEONARD III
NICHOLAS PODUSLENKO
MELISSA BLANCO
DAVID LADOV
ENRICO PAGANELLI
WILLIAM C. WENNER
NANCY L. CLEMENS
Rev. JAMES P. MCCLOSKEY
SUSAN P. GANTMAN
RENEE COHN JUBELIRER
ANDREW E. MASICH, Ph.D.
MICHAEL BRUNELLE
SCOTT B. COOPER
SUDHIR R. PATEL
TARA MOBLEY
THOMAS J. FARREL
RAYMOND S. WIERCISZEWSKI
JESSE G. HEREDA
DANA C. BELELLA
LAURA K. MOHNEY
KIMBERLY M. HENDERSON
JERRY M. LEHOCKY
DION G. RASSIAS
JOSHUA M. BLOOM
CELESTE L. DEE
LAURA E. ELLSWORTH
CHRISTOPHER M. MILLER
ROBERT J. MONGELUZZI
GRETCHEN A. MUNDORFF
JOHN C. RAFFERTY, JR.

**Case NO. 2:23-cv-02273**

Hon. Kelley Brisbon Hodge

**EXCEPTION and OBJECTION**

To Court ORDER issued on July 22, 2024

ROBERT L. REPARD
DAVID S. SENOFF
SHOHIN H. VANCE
RAMONA M. MARIANI
ANTHONY P. SODROSKI
HAROLD E. CIAMPOLI, JR.
KRISTA K. BEATTY
JAMES M. FOX
JANA M. PALKO
ANNA M. CIARDI
JOHN P. CAPUZZI Sr
BRIDGET GALLOWAY OWEN
STEVEN PARKINSON
WILLIAM JUDGE,
CHRISTINE DONOHUE,
KEVIN M. DOUGHERTY,
DAVID N. WECHT,
SALLIE UPDYKE MUNDY,
P. KEVIN BROBSON
MOTION'S JUDGE(S),
SUPERIOR COURT OF PENNSYLVANIA,
                                    *Defendants*
-------------------------------------------------------------------

_____
URVE MAGGITTI,
            *Plaintiff*

WILLIAM P. MAHON
JOHN HALL
DEBRA TODD
DEB RYAN
DANIEL E ROLAND
AMY DREIBELBIS
MATHIEU J. SHAPIRO
THOMAS A. LEONARD III
MELISSA BLANCO
ENRICO PAGANELLI
WILLIAM C. WENNER
NANCY L. CLEMENS
JAMES P. MCCLOSKEY
RENEE COHN JUBELIRER
MICHAEL BRUNELLE
SCOTT B. COOPER
THOMAS J. FARRELL
LAURA K. MOHNEY
JERRY M. LEHOCKY
JAMES M. FOX
JANA M. PALKO
STEVEN PARKINSON
WILLIAM JUDGE
CHRISTINE DONOHUE
KEVIN M. DOUGHERTY
DAVID N. WECHT
SALLIE UPDYKE MUNDY
P. KEVIN BROBSON,
            *Defendants*

**Case NO. 2:23-cv-04359**
Hon. Kelley Brisbon Hodge

**EXCEPTION and OBJECTION**

To Court ORDER issued on July 22, 2024

**PLAINTIFF'S EXCEPTION, OBJECTION AND CORRECTION FOR THE RECORD**
**Court ORDER issued on July 22, 2024**
**REF: CIVIL ACTIONS Nos. 23-4359, 23-cv-02273**

Plaintiff is hereby raising an EXCEPTION, OBJECTION and CORRECTION for the record in response to Court ORDER and OPINION, see attached EXHIBIT A, issued on JULY 22, 2024, and avers the following:

**ORDER, REF: CIVIL ACTION No. 23-4359**

1. Court DENIED Plaintiff's motion (ECF No. 11) filed on December 22, 2023:

"MOTION FOR RECONSIDERATION REF: of Court ORDER filed on December 11, 2023 sealing records in: Case NO. 2:23-cv-02273-JHS- Doc. Nos. 5, 9, 12, 25, 28. Case NO. 2:23-cv-04359-JHS- Doc. No. 1"

- Plaintiff's motion (ECF No. 11) - was specific to Court ODER (ECF No. 55, Docket No. 23-cv-02273) sealing Documents Nos. 5, 9, 12, 25, 28, in Case NO. 2:23-cv- 02273 and the Document No. 1 in Case NO. 2:23-cv-02273.

**Reason for denial:** *"The Court finds that Plaintiff fails to establish the requisite elements for reconsideration."*

Footnote No. 1 of the court ORDER states:

"The Court finds that Plaintiff fails to establish the requisite elements for reconsideration.
A party seeking reconsideration of a prior order bears a "substantial burden." *Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*, No. 05-cv-2535, 2012 WL 3279243, at *7 (E.D. Pa. Aug. 13, 2012). Further, motions for reconsideration are only granted for "compelling reasons." *United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010) (quotations omitted). When seeking reconsideration, a party must show: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Plaintiff argues that the Court should grant her Motion to correct a clear error of law or fact or prevent manifest injustice. Specifically, Plaintiff asks the Court to reconsider its decision to seal the documents that contained Defendant's home addresses, instead of ordering the documents be redacted, because the sealing is limiting the public right to access public records. (*See* ECF No. 11 at 3.)

Upon review, the Court finds that this Court's prior order dated December 11, 2023 **was not a clear error of law, and there is no risk of manifest injustice**. Although non-precedential decisions are not binding, *see* 3d Cir. I.O.P. 5.7, they provide persuasive authority. *See Evans v. Chichester Sch. Dist.*, 533 F.Supp.2d 523, 535 (E.D. Pa. 2008) ("Although I recognize that unpublished opinions lack precedential value, I cite to them in this memorandum as persuasive authority when I find their reasoning

convincing and their facts analogous to the situation before me."). Therefore, the Court rejects Plaintiff's suggestion that the non-precedential nature of *Malhan v. Grewal*, No. CV 16-8495, 2020 WL 6689753, at *2 (D.N.J. Nov. 13, 2020) is a proper ground for reconsideration. Accordingly, the Court's Order was based on sound reasoning and authority that the Defendants' home addresses should be restricted from public access, and the Court choosing to seal the whole document, **as opposed to redacting, was within the Court's discretion and caused no prejudice to plaintiff**. Plaintiff's motion makes clear that she is aware that if future filings contain home addresses, they must be redacted. It was appropriate to seal past filings that did not conform with Federal Rules of Civil Procedure 5.2 and Eastern District of Pennsylvania Local Rules 5.1.3 and 5.1.55.3. Therefore, Plaintiff's Motion (ECF No. 11) is **DENIED**."

2. Court clearly erred when it stated that "*Plaintiff fails to establish the requisite elements for reconsideration.*"

3. Court violated Plaintiff's and the public's right to access as per Rule 26, the common law right of access, and the First Amendment right of access. Any time constitutional right, first amendment right is violated it is causing an irreparable injury, clear prejudice to Plaintiff and general public at large, and is a clear manifestation of injustice in violation of first amendment right.

## Rule 26, the common law right of access, and the First Amendment right of access

4. The party seeking sealing always bears the burden of demonstrating that good cause for sealing exists. See *Avandia I*, 924 F.3d at 672. And district courts must "*articulate on the record findings supporting [the] decision to grant or deny a protective order.*" *Id.* (*internal quotation marks and citation omitted*).

## The common law right of access.

5. The common law right of access demands a much more rigorous showing than Rule 26 before documents may be sealed. As the Third Circuit explained in *Avandia*, "*the public right of access--unlike a Rule 26 inquiry--begins with a presumption in favor of public access.*" *Id.* at 670 (emphasis added).

The distinction between Rule 26 and the common law right of access--and the heightened burden the common law imposes--is well recognized across the circuits.[1]

---

[1] *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (emphasizing that "there is a stark difference between so-called 'protective orders' entered

Many courts recognize that the common law right of access also applies to exhibits and evidence.[2]   The party seeking sealing bears the burden of showing "*that the interest in secrecy outweighs the presumption*."[3]

Before granting sealing, district courts must articulate "'*compelling, countervailing interests to be protected,' make 'specific findings on the record concerning the effects of disclosure,' and 'provide an opportunity for interested third parties to be heard*.'"[4] Some circuit courts require district courts to conduct document-by-document reviews of the challenged documents.[5]

### The First Amendment right of access.

7.  The U.S. Supreme Court first recognized the public's First Amendment right to observe court proceedings in *Richmond Newspapers, Inc. v. Virginia*, when the public's right to attend a criminal trial was at issue.[6]

In *Richmond*, the Court explained that "*presumptive openness of the trial*" is "*one of the essential qualities of a court of justice*"[7] and that logic favors access because public attendance

---

pursuant to the discovery provisions of [Rule] 26, on the one hand, and orders to seal court records, on the other," and Rule 26 poses a much lower bar to sealing); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record .... This 'good cause' standard presents a lower burden for the party wishing to seal documents than the 'compelling reasons' standard."); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006) ("[A] 'good cause' showing *without more* will not satisfy a 'compelling reasons' test."); *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004) (noting that the First Amendment standard is "more rigorous" than the Rule 26 standard and applies to "documents filed in connection with a summary judgment motion in a civil case" (internal quotation marks omitted)); *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 533 (1st Cir. 1993).

[2] *See, e.g.*, *Republic of Phil. v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991); *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982); *Rushford v. New Yorker Magazine*, 846 F.2d 249 (4th Cir. 1988); *accord In re Continental Illinois Sec. Litig.*, 732 F.2d 1302, 1309 (7th Cir. 1984) (presumption of access applies to hearings held and evidence introduced in connection with motion to terminate derivative action).

[3] *Id.* (quoting *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)).

[4] *Id.* at 672-73 (quoting *In re Cendant Corp.*, 260 F.3d at 194) (internal alteration omitted).

[5] *See id.* at 673.

[6] 448 U.S. 555 (1980).

[7] *Id.* at 571.

holds "*significant community therapeutic value*," [8] "*aids accurate fact-finding*," [9] and strengthens public understanding of and confidence in the judicial system. [10]

Since *Richmond*, the Supreme Court and federal appellate courts have clarified that the right extends beyond access to criminal trials. The Supreme Court has held that the right protects the public's access to certain preliminary criminal hearings, [11] and other circuits have determined it applies to civil proceedings,[12] summary judgment records, [13] bills of particulars in criminal cases,[14] the inspection of docket sheets,[15] "*written documents filed in connection with pretrial motions*," [16] "*documents filed in connection with plea hearings and sentencing hearings in criminal cases, as well as to the hearings themselves*," [17] and various other court documents and records.[18]

To determine whether the First Amendment applies to a particular judicial proceeding or record, courts follow *Richmond* and examine whether "*experience*" (in other words, history) and "*logic*" call for the First Amendment's application.[19]

Courts presume that proceedings will be open to the public, [20] and any restrictions on the right of public access are "*evaluated under strict scrutiny*." [21]

---

[8] *Id.* at 571.

[9] I*d.* at 596 (Brennan, J., concurring); *see id.* 570-71.

[10] *Id.* at 572.

[11] *Press-Enter. Co. v. Super. Ct. of Cal. for Riverside Cty. (Press-Enter. II), 478 U.S. 1, 10-12 (1986).*

[12] *Coal. for Open Gov't, Inc. v. Strine, 733 F.3d 510, 514 (3d Cir. 2013).*

[13] *Lugosch III*, 435 F.3d at 121 ("[D]ocuments submitted to a court for its consideration in a summary judgment motion are--as a matter of law--judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."); *Rushford*, 846 F.2d at 253 ("[T]he more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case.").

[14] *United States v. Smith*, 776 F.2d 1104, 1111-12 (3d Cir. 1985).

[15] *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004).

[16] *Matter of N.Y. Times Co.*, 828 F.2d 110, 114 (2d Cir. 1987).

[17] *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986).

[18] *See, e.g.*, *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997) (recognizing that the First Amendment right applies to "some categories of court documents and records"); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983) (First Amendment right of access to court documents).

[19] *See Press-Enter. II, 478 U.S. at 10-12*; *Del. Coal. for Open Gov't, Inc. v. Strine, 733 F.3d 510, 513-14 (3d Cir. 2013).*

[20] *Avandia I*, 924 F.3d at 673 (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1073 (3d Cir. 1984)).

[21] *Id.* (quoting *PG Publ'g Co. v. Aichele*, 705 F.3d 91, 104 (3d Cir. 2013).

The First Amendment right of access "*may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.*" [22]  A party seeking closure must delineate its compelling need for secrecy with "*specificity.*" [23]  Once again, the party seeking sealing in the face of the First Amendment "*bears the burden of showing that the material is the kind of information that courts will protect.*" [24]

9. "Judicial Defendants" claim that "*Because some filings are voluminous and contain home addresses throughout, it is not practical to simply identify every reference in each filing for redaction*" does not satisfy the common law right of access--and the heightened burden the common law imposes on the party seeking the sealing of showing "*that the interest in secrecy outweighs the presumption.*" *Id.* (quoting <u>Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.</u>, 800 F.2d 339, 344 (3d Cir. 1986)).

The same heightened burden the common law imposes also *applies to exhibits and evidence, See, e.g.*, <u>Republic of Phil. v. Westinghouse Elec. Corp.</u>, 949 F.2d 653, 663 (3d Cir. 1991); *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982);

**<u>LOCAL RULES OF CIVIL PROCEDURE Rule 5.1.5 Documents Filed Under Seal:</u>**

   *(a) A document in a civil action may be filed under seal only if:*
      *(1) the civil action is brought pursuant to a federal statute that prescribes the sealing of the record or of certain specific documents; or*
      *(2) the Court orders the document sealed.*
   *(b) Where a document is sealed pursuant to a federal statute, the continued status of the document under seal shall be governed by the relevant federal statute.*
   *(c) If no federal statute governs, the continued status of the document is subject to the following sections:*
      *(1) When a document is sealed pursuant to a court order, the Court may specify an appropriate date in the future when the document may be unsealed.*
      *(2) If the Court has not specified the date for the document to be unsealed, following the conclusion of the action including all appeals, or during the pendency of the action for good cause shown, a party seeking access may petition the Court to unseal the document, provided that at least sixty (60) days' notice is given to the party which originally requested sealing of the document by court order. The Court may shorten the notice period for good cause shown.*

---

[22] *Publicker Indus., Inc.*, 733 F.2d at 1071.
[23]  *In re Cendant Corp.*, 260 F.3d at 193.
[24]  *Id.*

10.  There is no federal statute under which this Court issued the ORDER to seal documents, instead of ordering redactions as pleaded. The Court did not specify the *date for the document to be unsealed.* The Court sealed the records wholesale without any cause, let alone a good cause.

11. The "Judicial Defendants" reason to **seal** is based on **convenience**, stating that it is *"**not practical** to simply identify every reference in each filing "*– the sealing of complete public records due to **convenience** and **impracticality** is not a ***good*** nor ***compelling*** reason to deny the public right to access public records and is in fact a blatant violation of the said right under statutory right, under common law right, and under first amendment right.

12. The Court departed from its own *tradition not to cite its not precedential opinions as authority*[25] when it cited <u>Malhan v. Grewal</u> [26] as basis for its decision to seal the full documents instead of redacting the home addresses as specifically moved within four corners of the Defendants motion.

13. Furthermore, in the <u>Malhan v. Grewal</u> the plaintiff sued Defendant's in the official capacity only, 1) the court sealed the Plaintiff's subpoena which *"...seeks information that has nothing to do with the allegations of this case. It is also improper for other reasons. It must also be noted that **there were certain troubling statements** in the motion papers that the Court chooses not to address here."* <u>Malhan v. Grewal, No. CV 16-8495 (CCC), 2020 WL 6391180, at \*4 (D.N.J. Nov. 2, 2020)</u>[27]

14.  And, 2) the court prohibited Plaintiff from including a judge's home address in any public filings in the District.

15.  The court in <u>Malhan v. Grewal</u>, addressed specifically redactions of home address and not a whole sale sealing of documents[28]: "*Redacting the personal home addresses of the defendant judges guards against potential safety concerns and unsolicited contact by strangers to the present case.*" <u>Malhan v. Grewal, No. CV 16-8495 (CCC), 2020 WL 6689753, at \*3 (D.N.J. Nov. 13, 2020)</u>

---

[25] 3d Cir. I.O.P. 5.7
[26] ECF No. 55
[27] ECF No. 55
[28] The sealing of a specific document was premised upon "***troubling statements.***"

16.  *The Third Circuit explicitly* denies *unpublished opinions precedential value* [29]  therefore citing  *Malhan v. Grewal* is inappropriate basis to violate public's right to access the public records that  are protected under statutory right, under common law right, and under first amendment right.

17.  Third Circuit **Internal Operating Procedure 5,** which states that there are two types of decisions in the Third Circuit:  *"[t]here are two forms of opinions: precedential and not precedential . . . . The face of an opinion states whether it is precedential or not precedential."* 3d Cir. I.O.P. 5.1.

18.  **Citation Rules**: 3d Cir. I.O.P. 5.7 (*"**The court by tradition does not cite to its not precedential opinions as authority. Such opinions are not regarded as precedents that bind the court** because they do not circulate to the full court before filing."*)

3d Cir. I.O.P. 5.7:   *Court does not cite to non-precedential opinions as authority and does not regard them as authority because they do not circulate to full court IOP addresses court action only; no apparent prohibition on citation of non-precedential opinions by parties* [30]

19.  **Precedent Limitations**:  *The **Third Circuit explicitly** denies **unpublished opinions precedential value**.* [31]   *The decision whether to publish follows that initial determination,* 3d Cir. I.O.P. 5.3.  ***Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.***, No. 05-cv-2535, 2012 WL 3279243, at *7 (E.D. Pa. Aug. 13, 2012).

---

[29] 3d Cir. I.O.P. 5.1

[30] David R. Cleveland, Local Rules in the Wake of Federal Rule of Appellate Procedure 32.1, 11 J. App. Prac. & Process 19, 63 (2010)

[31] See 3d Cir. I.O.P. 5.1:
There are two forms of opinions: precedential and not precedential. A majority of the panel determines whether an opinion is designated as precedential or not precedential, unless a majority of the active judges of the court decides otherwise. The face of an opinion states whether it is precedential or not precedential.") Id.
See also 3d Cir. I.O.P 5.2:
An opinion, whether signed or per curiam, is designated as precedential and printed as a slip opinion when it has precedential or institutional value. Id.
See also 3d Cir. I.O.P. 5.3:
An opinion, whether signed or per curiam, that appears to have value only to the trial court or the parties is designated as not precedential and is not printed as a slip opinion but, unless otherwise provided by the court, it is posted on the court's internet website. A not precedential opinion may

20. Court citing a non-reported case available only in subscription-based Westlaw without providing copy of the case, is inappropriate when dealing with pro se litigants. "*Only the Westlaw citation is currently available. United States District Court*".

*United States v. Dupree*, **617 F.3d 724, 732-33 (3d Cir. 2010)** (quotations omitted).

> Violates Public Right to Know, therefore it is violation of not only Plaintiff's right but public right and therefore against public interests.

> It also exhibits a blatant protectionism towards "fellow bench members" and creates a distinct class of individuals who are "above the law" – an act that is antithetical to the creation of this Republic where everyone are equal under the law.

* * *

**C)** Court denied Plaintiffs motion (ECF No. 20) filed on February 12, 2024:

> "MOTION OF PRO SE PLAINTIFF URVE MAGGITTI FOR LEAVE TO AMEND PLAINTIFF'S AMENDED COMPLAINT FILED ON DECMEBER 30, 2024 AND RENEWAL OF MOTION TO CLARIFY, CERTIFICATE OF SERVICE."

**<u>Reason for denial</u>:**

> "*Pro se* Plaintiff's Motion to Amend Complaint (ECF No. 20) is **DENIED** pursuant to this Court's prior Order (ECF No. 51) directing *pro se* Plaintiff to file "one (1) Amended Complaint . . . encompassing Civil Action Nos. 23-2273 and 23-4359" (ECF No. 51) and in light of Plaintiff's Motion for Leave to file an Amended Complaint in Civil Action No. 23-2273 (ECF No. 78), which the Court grants below."

21. Court's prior Order (ECF No. 51[32]) directed Plaintiff to file *"one (1) Amended Complaint . . . encompassing Civil Action Nos. 23-2273 and 23-4359"* (ECF No. 51)"

**On December 1, 2023**, the Court had not obtained any jurisdiction over the defendants sued in case No. 23-cv-04359. Court Did Not have Jurisdiction to Dismiss Case 23-cv-04349 and to consolidate with Case 23-cv-02273. The COMPLAINT [33] had not been served upon any defendants as the crucial issue of process of service was yet to be resolved. Hence, no one had

---

be issued without regard to whether the panel's decision is unanimous and without regard to whether the panel affirms, reverses, or grants other relief.

[32] Docket in Civil Action Nos. 23-2273 (ECF No. 51)

[33] Case No. 23-cv-04359

authority to file anything into that case.  Any purported motions and court order's filed in reference to Case No. 23-cv-04349 are void for lack of standing and jurisdiction.

22.   Therefore, the order (ECF No. 51[34]) which was issued by Hon. Joel H. Slomsky, was and continues to be void *ab initio*.

23.   Court, Hon. Kelley B. Hodge, continues to disregard those facts as stated above.

 a) None of defendants were served, court did not have in personam jurisdiction to render the decision on December 1, 2024, by *sua sponte* consolidating actions Case NO. 2:23-cv-04359 and Case NO. 2:23-cv- 02273.

 b)  Michael Daley had no authority to file anything into Case 23-cv-4349 and he has failed to show any authority to act in the Case 23-cv-2273.

 b) Court had no authority to DENY plaintiff's motion (ECF No. 20) specific to the question of process of service upon 28-defendants sued in Case NO. 2:23-cv- 4359.

24.   In December 1, 2023, the court had not obtained the adjudication powers over the parties in case No. 23-cv-04349**,** fundamental crucial jurisdictional question – the proper process of service strictly governed by the Federal Rules of Civil Procedure, Rule 4 - by which the court can legally obtain the adjudication powers over the parties to an action commenced in the Article III court, is not a JUDICIAL DECISION but an ADMINISTRATIVE DUTY.

## II.      IN CIVIL ACTION No. 23-cv-02273

**A)** Court denied Plaintiffs motion (ECF No. 8) filed on September 13, 2023:

>  "EMERGENCY MOTION FOR: LEAVE TO WAIVE PERSONAL SERVICE AND FOR EXTENSION OF TIME TO SERVE SUMMONS AND COMPLAINT"

<u>Reason for denial</u>: "DENIED AS MOOT"

> *Pro se* Plaintiff's Emergency Motion for Leave to Waive Personal Service and for Extension of Time to Serve Summons and Complaint (ECF No. 8) is **DENIED AS MOOT.**

---

[34] Docket in Civil Action Nos. 23-2273 (ECF No. 51)

25.  Court erroneously dismissed Plaintiffs motion (ECF No. 8) as moot. Plaintiff had no record of serving numerous Defendants in case No. 23-cv-02273, at the time of the motion was filed on September 13, 2023.

26.  As of this date, August 2, 2024, six Defendants in Case No. 23-cv-02273 have still not been served properly by Plaintiff:

> [7] DEBRA TODD
> [26] JAMES P. MCCLOSKEY
> [28] RENÉE COHN JUBELIRER
> [38] LAURA K. MOHNEY
> [56] JAMES M. FOX
> [63] CHRISTINE DONOHUE

27.  As of this date, August 2, 2024, six Defendants in Case No. 2:23-cv-04359 have still not been served properly by Plaintiff:

> **[3].** DEBRA TODD
> **[13].** JAMES P. MCCLOSKEY
> **[14]**. RENÉE COHN JUBELIRER
> **[18]**. LAURA K. MOHNEY
> **[20]**. JAMES M. FOX
> **[24]**. CHRISTINE DONOHUE

* * *

**C)** Court denied Plaintiffs motion (ECF No. 28) filed on October 12, 2023:

> PLAINTIFF'S MOTION TO EXTEND TIME FOR PROCESS OF SERVICE, FOR ALTERNATE SERVICE BY US MARSHAL SERVICE, AND TO STAY PENDING PROPER SERVICE OF PROCESS

<u>**Reason for denial**</u>: "DENIED AS MOOT"

> *Pro se* Plaintiff's Motion to Extend Time for Process of Service [sic], for Alternate Service by US Marshal Service, and to Stay Pending Proper Service of Process (ECF No. 28) is DENIED AS MOOT.

28.  Court erroneously dismissed Plaintiffs motion (ECF No. 28) as moot. Plaintiff had no record of serving numerous Defendants in case No. 23-cv-02273, at the time of the motion was filed on September 13, 2023.

29.  As of this date, August 2, 2024, six Defendants in Case No. 23-cv-02273 have still not been served properly by Plaintiff:

[7] DEBRA TODD
[26] JAMES P. MCCLOSKEY
[28] RENÉE COHN JUBELIRER
[38] LAURA K. MOHNEY
[56] JAMES M. FOX
[63] CHRISTINE DONOHUE

30.  As of this date, August 2, 2024, six Defendants in Case No. 2:23-cv-04359 have still not been served properly by Plaintiff:

**[3].** DEBRA TODD
**[13].** JAMES P. MCCLOSKEY
**[14]**. RENÉE COHN JUBELIRER
**[18]**. LAURA K. MOHNEY
**[20]**. JAMES M. FOX
**[24]**. CHRISTINE DONOHU

* * *

**D)** Court denied Plaintiffs motion (ECF No. 31) filed on October 17, 2023:

MOTION TO SHOW CAUSE in Response to: "MOTION OF DEFENDANTS DEBORAH RYAN, DANIEL ROLAND AND WILLIAM JUDGE TO DISMISS PLAINTIFF'S COMPLAINT**"**

**Reason for denial:**  *"DENIED pursuant to this Court's Order Consolidating Civil Action Nos. 23-1184, 23-3185, and 23-4359 with Civil Action No. 23-2273."*

31. Court's prior Order (ECF No. 51[35]) and OPINION (ECF No. 50)[36] consolidated "*Civil Action Nos. 23-1184, 23-3185, and 23-4359 with Civil Action No. 23-2273.*"[37]
and ordered Plaintiff to file *"one (1) Amended Complaint . . . encompassing Civil Action Nos. 23-2273 and 4359"* (ECF No. 51)"

32.  **Case No. 1184 and Case No. 3185 -** Defendants were sued in their **official capacity only** are Actions for Declaratory Judgment.

---

[35] Docket in Civil Action Nos. 23-2273 (ECF No. 51)
[36] Docket in Civil Action Nos. 23-2273 (ECF No. 50)
[37] July 22, 2024

33. **Case No. 2273 and Case No. 4359 -** Defendants were sued in their **individual capacity only** and are suits at common law and For Deprivations of Constitutionally Secured Rights under the color of authority and color of law under authority of the Seventh Amendment to the United States Constitution and Article I § 11 of the Pennsylvania Constitution; and 42 U.S.C. § 1983; and 28 U.S.C. § 2202.

34. Plaintiff was forced to file the action No. 23- 4359 because the Court failed to address Plaintiff's timely filed numerous motions addressing the threshold issue of service of process upon the twenty-eight (28) defendants.

35. None of the twenty-eight defendants were properly served in case No. 23-2273, precipitating the need for filing this case

36. **OBJECTION to Improper Consolidation of Cases**

Court consolidated Case 23-cv-2273 and Case 23-cv-4349 despite the fact that court had no jurisdiction to so, the Defendants in Case 23-cv-4349 have not been served yet.

Therefore, no appearance has been made in the case by anyone.

Michael Daley has no authority to file anything into Case No. 23-cv-04349 and he has failed to show any authority to act in the Case 23-cv-2273.

37. **Court Did Not have Jurisdiction to Dismiss Case No. 23-cv-04349** - None of the Defendants have been served, therefore no one has authority to file anything into that case. Any purported motions filed in reference to Case 23-cv-4349 are void for lack of standing and jurisdiction.

38. **The Personal Jurisdiction Power Of The Federal Courts -** There has to be proof of proper process of service established because it *defines the relationship between service of process and the personal jurisdiction power of the federal courts.*

> *"Personal-capacity suits seek to impose personal liability upon a government officer for actions he takes under color of state law, whereas official-capacity suits against an officer are generally treated as suits against the governmental entity of which the officer is an agent."*
> ***Kentucky v. Graham**, 473 U.S. 159, 159, 105 S. Ct. 3099, 3102, 87 L. Ed. 2d 114 (1985)*

*"Acts performed by the same person in two different capacities "are generally treated as the transactions of two different legal personages." F. James & G. Hazard, Civil Procedure § 11.6, p. 594 (3d ed. 1985)."*
**__Bender v. Williamsport Area Sch. Dist.__, 475 U.S. 534, 543, 106 S. Ct. 1326, 1332, 89 L. Ed. 2d 501 (1986)**

*"An individual acting in his personal capacity is a different legal person than one acting in his official capacity"*
**__Gillpatrick v. Frakes__, No. 4:18CV3011, 2018 WL 1955123, at *4 (D. Neb. Apr. 17, 2018)**

39.  It is necessary that the Summons and Complaint be directed to defendant Fed Rule (a)(1) (A) (B).

**Federal method—Personal service.**
*The first federal method of service provided under Rule 4(e)(2) is personal service. Delivery to the individual "personally" requires an "in person" encounter between the person serving process and the person to be served.[38] The location of the in-person delivery is irrelevant. When the process server personally delivers the summons and complaint to the defendant, it is personal service whether it takes place at the defendant's home, the defendant's place of work, in a public space, or anywhere else.*

40.  The COURT has ignored the challenge to the proper service of the defendants in the Case No. 23-cv-02273 filed by the Plaintiff.

41.   Yet, the jurisdictional challenge by the Plaintiff is deliberately ignored not only by this Court but by all of the Counsel's in the Case 23-cv-2273 who purport to represent Defendants, despite the fact that: a) no proof of proper service has been provided for the Defendants who's service is being challenged by Plaintiff ,  and  b) no authority to act have been submitted by the said Counsels.

*That lack of standing was not noticed by either party matters not, for as we said in Mansfield C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884):*
*"[T]he rule, springing from the nature and limits of the judicial power of the United States, is inflexible and without exception, which requires this court, of its own motion, to deny its own jurisdiction, and, in the exercise  of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act. On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and*

---

[38] *See* Ilaw v. Department of Justice, 309 F.R.D. 101, 104, 92 Fed. R. Serv. 3d 118 (D.D.C. 2015) (service by mail is not an in-person form of delivery).

*then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it."*

Accord, *Chicago, B. & Q. R. Co. v. Willard,* 220 U.S. 413, 419, 31 S.Ct. 460, 462, 55 L.Ed. 521 (1911); *Kentucky v. Powers,* 201 U.S. 1, 35–36, 26 S.Ct. 387, 398, 50 L.Ed. 633 (1906); *Great Southern Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 453, 20 S.Ct. 690, 691, 44 L.Ed. 842 (1900). See *Thomson v. Gaskill,* 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942)

**_Bender v. Williamsport Area Sch. Dist.,_ 475 U.S. 534, 546–47, 106 S. Ct. 1326, 1334, 89 L. Ed. 2d 501 (1986)**

42.   **On December 1, 2023**, the Court had not obtained any jurisdiction over the defendants sued in case No. 23-cv-04359. Court Did Not have Jurisdiction to Dismiss Case 23-cv-04349 and to consolidate with Case 23-cv-02273.   The COMPLAINT [39] had not been served upon any defendants as the crucial issue of process of service was yet to be resolved. Hence, no one had authority to file anything into that case.  Any purported motions and court order's filed in reference to Case No. 23-cv-04349 are void for lack of standing and jurisdiction.

43.   Therefore, the order (ECF No. 51[40]) which was issued by Hon. Joel H. Slomsky, was and continues to be void *ab initio*.

44.   Court, Hon. Kelley B. Hodge, continues to disregard those facts as stated above.

 a) None of defendants were served, court did not have in personam jurisdiction to render the decision on December 1, 2024, by *sua sponte* consolidating actions Case NO. 2:23-cv-04359 and Case NO. 2:23-cv- 02273.

 b)  Michael Daley had no authority to file anything into Case 23-cv-4349 and he has failed to show any authority to act in the Case 23-cv-2273.

 b) Court had no authority to DENY plaintiff's motion (ECF No. 31) specific to the question of process of service upon 28-defendants sued in Case NO. 2:23-cv- 4359.

45.   In December 1, 2023, the court had not obtained the adjudication powers over the parties in case No. 23-cv-04349**,** fundamental crucial jurisdictional question – the proper process of service strictly governed by the Federal Rules of Civil Procedure, Rule 4 - by which the court

---

[39] Case No. 23-cv-04359
[40] Docket in Civil Action Nos. 23-2273 (ECF No. 51)

can legally obtain the adjudication powers over the parties to an action commenced in the Article III court, is not a JUDICIAL DECISION but an ADMINISTRATIVE DUTY

* * *

**E)** Court denied Plaintiffs motion (ECF No. 40) filed on October 31, 2023:

> "PLAINTIFF'S MOTION TO STRIKE RULE 12 MOTION: "AMENDED MOTION OF DEFENDANTS DEBORAH RYAN, DANIEL ROLAND AND WILLIAM JUDGE TO DISMISS PLAINTIFF'S AMENDED AND SUPPLEMENTAL COMPLAINT""

**<u>Reason for denial</u>:**  "*DENIED AS MOOT pursuant to this Court's Order and Opinion (ECF Nos. 50-51)."*

46.   Court order denying Plaintiff's motion (ECG No 40) is non- judicial in nature, it is administrative decision where court mis-applied the law to the facts.

47.   Defendants Deborah Ryan, Daniel Roland and William Judge have filed the Motion to Dismiss in their official capacity by and through their attorneys, Lewis Brisbois Bisgaard and Smith LLP (emphasis added by Plaintiff):

> *"Defendants, **Deborah Ryan, in her official capacity** as District Attorney for Chester County, and **Daniel Roland** and **William Judge, in their official capacities** as Assistant District Attorneys for Chester County, by and through their attorneys, Lewis Brisbois Bisgaard and Smith LLP, hereby submit this Memorandum of Law in support of their **Amended Motion to Dismiss Plaintiff's Amended and Supplemental Complaint** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or violation of Federal Rule of Civil Procedure B(a)."*

48.  Defendants Deborah Ryan, Daniel Roland and William Judge were sued in their individual capacity only not in official capacity.

49.   Court has not obtained the adjudication powers over the Defendants official capacity because they were not sued under official capacity. The fundamental crucial jurisdictional question – the proper process of service strictly governed by the Federal Rules of Civil Procedure, Rule 4 - by which the court can legally obtain the adjudication powers over the parties to an action commenced in the Article III court, is not a JUDICIAL DECISION but an ADMINISTRATIVE DUTY.

* * *

F) Court denied Plaintiffs motion (ECF No. 57) filed on December 11, 2023:

> PLAINTIFF'S MOTION FOR CLARIFICATION: ORDER and OPINION in Ref: Case 2:23-cv-02273-JHS and Case 2:23-cv-04359-JHS

**Reason for denial:** "*Pro se* Plaintiff's Motion for Clarification (ECF No. 57) is **DENIED**. Plaintiff is directed to this Court's clear instruction in its prior Opinion and Order (ECF Nos. 50, 51)."

50.  Court failed to address the request to clarify the following points made in Plaintiff's motion (ECF No 57):

## CLARIFICATION REQUESTED No. 1

51.  The Court in its OPINION, (ECF Nos. 50, 51) states following on page 2:

> "...in the second action (Civ. No. 23-2273) and the fourth action (Civ. No. 23-4359), for reasons discussed infra, Plaintiff will have thirty (30) days to file an Amended Complaint that complies with Federal Rule of Civil Procedure 8(a)(2)."

On page 10:

> "Plaintiff will be granted leave to file a second Amended Complaint in thirty (30) days that complies with Federal Rules of Civil Procedure Rule 8(a)(2).7 "

> "Footnote 7:

> "Plaintiff's Complaint can also be dismissed against the judges because judicial immunity bars the claims filed against them. In her Complaint, Plaintiff is seeking damages from magisterial district court judges, court of common pleas judges, superior court judges and Pennsylvania Supreme Court Justices for their decisions in her state court cases. (See Doc. No. 5.) These judges have absolute immunity.
> Judges are entitled to absolute immunity from civil rights and other claims asserted against them that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Harvey v. Loftus, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally ... 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" Figueroa v. Blackburn, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting Barnes v. Winchell, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, Mireles v. Waco, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others. Dennis v. Sparks, 449 U.S. 24, 27 (1980).

The act of presiding over a state court action is a judicial act. Because these judges sued by Plaintiff acted within their jurisdiction as judges in their respective courts, these judges have absolute immunity from being sued in Plaintiff's cases."

52.  The language used in Court ORDER No. 1 (ECF Nos. 50, 51) does not state that action Civ. No. 23-2273 and action Civ. No. 23-4359, are DISMISSED as against the judges sued in the two civil actions.

53.  Plaintiff requests clarification on the record whether the footnote No. 7 was inserted as a Court's official ORDER and OPINION that the action Civ. No. 23-2273 and action Civ. No. 23-4359, are DISMISSED as against the judges sued in the two civil actions?

## **CLARIFICATION REQUESTED No. 2**

54.  The Court in its OPINION (ECF Nos. 50, 51) states:

"In this case, Plaintiff's Amended Complaint is 296 pages, contains 30 causes of action and over 1,000 numbered paragraphs. (See Civ. No. 23-2273, Doc. No. 5.) Plaintiff also submitted 126 separate exhibits. (Id.) Including exhibits, Plaintiff's pleading is 16,158 pages. (Id.)
    Following Third Circuit precedent, a complaint of that size does not conform to the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure and will be dismissed without prejudice.
    However, Plaintiff will be granted leave to file a second Amended Complaint in thirty (30) days that complies with Federal Rules of Civil Procedure Rule 8(a)(2). prejudice under Rule 8(a)(2). See Section IV (4) infra."

55.  Plaintiff requested clarification whether the Court has instructed the Plaintiff to remove ALL of the EXHIBITS that have been submitted in support of Plaintiff's pleading as documentary evidence/proof in support of Plaintiff's causes of action against the Defendants?

56.  If the Court has NOT ordered Plaintiff to remove ALL of the EXHIBITS, Plaintiff requests that the Court direct specifically which of the evidentiary documents is the Plaintiff ordered to remove as EXHIBIT from the Complaint?

\* \* \*

**G)** Court denied Plaintiffs motion (ECF No. 64) filed on December 11, 2023:

"Plaintiff's NOTICE OF APPEAL, MOTION FOR STAY CASE 2273 PENDING APPEAL"

**Reason for denial:**  "*Pro se* Plaintiff's Motion for Stay (ECF No. 64) is **DENIED AS MOOT** pursuant to the Third Circuit Court of Appeals' Order. (*See* ECF Nos. 94, 95.)"

57.   Plaintiff's motion (ECF No. 64) for stay pending an appeal, was denied by the Third Circuit Court of Appeals for lack of subject matter jurisdiction due to non-final order of the district court.

58.   The reason for denial of motion (ECF No 64) non-judicial in nature, because the reason for the stay was a fundamental jurisdictional one:

59.   Case **No. 1184 and Case No. 3185 -** Defendants were sued in their **official capacity only** are Actions for Declaratory Judgment.

60.   Case **No. 2273 and Case No. 4359 -** Defendants were sued in their **individual capacity only** and are suits at common law and For Deprivations of Constitutionally Secured Rights under the color of authority and color of law under authority of the Seventh Amendment to the United States Constitution and Article I § 11 of the Pennsylvania Constitution; and 42 U.S.C. § 1983; and 28 U.S.C. § 2202.

61.   Plaintiff was forced to file the action No. 23- 4359 because the Court failed to address Plaintiff's timely filed numerous motions addressing the threshold issue of service of process upon the twenty-eight (28) defendants.

62.   None of the twenty-eight defendants were properly served in case No. 23-2273, precipitating the need for filing this case

63.   **OBJECTION to Improper Consolidation of Cases**

Court consolidated Case 23-cv-2273 and Case 23-cv-4349 despite the fact that court had no jurisdiction to so, the Defendants in Case 23-cv-4349 have not been served yet.

Therefore, no appearance has been made in the case by anyone.

Michael Daley has no authority to file anything into Case No. 23-cv-04349 and he has failed to show any authority to act in the Case 23-cv-2273.

64.   **Court Did Not have Jurisdiction to Dismiss Case No. 23-cv-04349** - None of the Defendants have been served, therefore no one has authority to file anything into that case.  Any purported motions filed in reference to Case 23-cv-4349 are void for lack of standing and jurisdiction.

65. **The Personal Jurisdiction Power Of The Federal Courts** - There has to be proof of proper process of service established because it *defines the relationship between service of process and the personal jurisdiction power of the federal courts.*

> *"Personal-capacity suits seek to impose personal liability upon a government officer for actions he takes under color of state law, whereas official-capacity suits against an officer are generally treated as suits against the governmental entity of which the officer is an agent."*
> **_Kentucky v. Graham,_ 473 U.S. 159, 159, 105 S. Ct. 3099, 3102, 87 L. Ed. 2d 114 (1985)**

> *"Acts performed by the same person in two different capacities "are generally treated as the transactions of two different legal personages." F. James & G. Hazard, Civil Procedure § 11.6, p. 594 (3d ed. 1985)."*
> **_Bender v. Williamsport Area Sch. Dist.,_ 475 U.S. 534, 543, 106 S. Ct. 1326, 1332, 89 L. Ed. 2d 501 (1986)**

> *"An individual acting in his personal capacity is a different legal person than one acting in his official capacity"*
> **_Gillpatrick v. Frakes,_ No. 4:18CV3011, 2018 WL 1955123, at \*4 (D. Neb. Apr. 17, 2018)**

66. It is necessary that the Summons and Complaint be directed to defendant Fed Rule (a)(1) (A) (B).

> **Federal method—Personal service.**
> *The first federal method of service provided under Rule 4(e)(2) is personal service. Delivery to the individual "personally" requires an "in person" encounter between the person serving process and the person to be served.[41] The location of the in-person delivery is irrelevant. When the process server personally delivers the summons and complaint to the defendant, it is personal service whether it takes place at the defendant's home, the defendant's place of work, in a public space, or anywhere else.*

67. The COURT has ignored the challenge to the proper service of the defendants in the Case No. 23-cv-02273 filed by the Plaintiff.

68. Yet, the jurisdictional challenge by the Plaintiff is deliberately ignored not only by this Court but by all of the Counsel's in the Case 23-cv-2273 who purport to represent Defendants,

---

[41] *See* Ilaw v. Department of Justice, 309 F.R.D. 101, 104, 92 Fed. R. Serv. 3d 118 (D.D.C. 2015) (service by mail is not an in-person form of delivery).

despite the fact that: a) no proof of proper service has been provided for the Defendants who's service is being challenged by Plaintiff , and b) no authority to act have been submitted by the said Counsels.

> *That lack of standing was not noticed by either party matters not, for as we said i*n *Mansfield C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884):
> *"[T]he rule, springing from the nature and limits of the judicial power of the United States, is inflexible and without exception, which requires this court, of its own motion, to deny its own jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act. On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it."*
> Accord, *Chicago, B. & Q. R. Co. v. Willard,* 220 U.S. 413, 419, 31 S.Ct. 460, 462, 55 L.Ed. 521 (1911); *Kentucky v. Powers,* 201 U.S. 1, 35–36, 26 S.Ct. 387, 398, 50 L.Ed. 633 (1906); *Great Southern Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 453, 20 S.Ct. 690, 691, 44 L.Ed. 842 (1900). See *Thomson v. Gaskill,* 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942)
> **<u>Bender v. Williamsport Area Sch. Dist.,</u> 475 U.S. 534, 546–47, 106 S. Ct. 1326, 1334, 89 L. Ed. 2d 501 (1986)**

69. **<u>On December 1, 2023</u>**, the Court had not obtained any jurisdiction over the defendants sued in case No. 23-cv-04359. Court Did Not have Jurisdiction to Dismiss Case 23-cv-04349 and to consolidate with Case 23-cv-02273. The COMPLAINT [42] had not been served upon any defendants as the crucial issue of process of service was yet to be resolved. Hence, no one had authority to file anything into that case. Any purported motions and court order's filed in reference to Case No. 23-cv-04349 are void for lack of standing and jurisdiction.

70. Therefore, the order (ECF No. 51[43]) which was issued by Hon. Joel H. Slomsky, was and continues to be void *ab initio*.

71. Court, Hon. Kelley B. Hodge, continues to disregard those facts as stated above.

---

[42] Case No. 23-cv-04359
[43] Docket in Civil Action Nos. 23-2273 (ECF No. 51)

a) None of defendants were served, court did not have in personam jurisdiction to render the decision on December 1, 2024, by *sua sponte* consolidating actions Case NO. 2:23-cv-04359 and Case NO. 2:23-cv- 02273.

b)  Michael Daley had no authority to file anything into Case 23-cv-4349 and he has failed to show any authority to act in the Case 23-cv-2273.

b) Court had no authority to DENY plaintiff's motion (ECF No. 31) specific to the question of process of service upon 28-defendants sued in Case NO. 2:23-cv- 4359.

72.  In December 1, 2023, the court had not obtained the adjudication powers over the parties in case No. 23-cv-04349, fundamental crucial jurisdictional question – the proper process of service strictly governed by the Federal Rules of Civil Procedure, Rule 4 - by which the court can legally obtain the adjudication powers over the parties to an action commenced in the Article III court, is not a JUDICIAL DECISION but an ADMINISTRATIVE DUTY

73.  As of this date, August 2, 2024, six Defendants in Case No. 23-cv-02273 have still not been served properly by Plaintiff:
      [7] DEBRA TODD
      [26] JAMES P. MCCLOSKEY
      [28] RENÉE COHN JUBELIRER
      [38] LAURA K. MOHNEY
      [56] JAMES M. FOX
      [63] CHRISTINE DONOHUE

74.  As of this date, August 2, 2024, six Defendants in Case No. 2:23-cv-04359 have still not been served properly by Plaintiff:
      **[3].** DEBRA TODD
      **[13].** JAMES P. MCCLOSKEY
      **[14]**. RENÉE COHN JUBELIRER
      **[18]**. LAURA K. MOHNEY
      **[20]**. JAMES M. FOX
      **[24]**. CHRISTINE DONOHU

75.  Court has not obtained the adjudication powers over the Defendants official capacity because they were not sued under official capacity. The fundamental crucial jurisdictional question – the proper process of service strictly governed by the Federal Rules of Civil

Procedure, Rule 4 - by which the court can legally obtain the adjudication powers over the parties to an action commenced in the Article III court, is not a JUDICIAL DECISION but an ADMINISTRATIVE DUTY.

* * *

J) Plaintiffs motion (ECF No. 78) was classified improperly as ***third amended complaint***.

**Reason for denial:**

> *Pro se* Plaintiff's Motion for Leave to file an Amended Complaint (ECF No. 78) is **GRANTED**. Plaintiff is directed to do so pursuant to the Court's Order and Opinion (ECF Nos. 50, 51).2 Plaintiff shall file a Third Amended Complaint3 on or before **August 22, 2024**. To ensure compliance with Fed. R. Civ. P. 8(a)(2), the Third Amended Complaint shall not exceed 75 pages and Plaintiff is instructed to attach only new exhibits. 4 Plaintiff may cite to previously filed exhibits rather than refiling them. Plaintiff may seek leave to exceed the page limit upon a showing of good cause.

It is factually second amended complaint.

First Complaint Filed was never served to any defendants.  "Second Amended Complaint" added new defendants and removed some defendants- no other "changes or amendments were done, and Complaint was served – making it for all intent and purpose first complaint.

Then as per court order Plaintiff submitted "amended Complaint"

Respectfully submitted,

_____       Date _____

Urve Maggitti, Plaintiff,

58 E Swedesford Road, Apt 327, Malvern, PA 19355

**ACKNOWLEDGMENT**

**AFFIDAVIT**

(Verification)

STATE OF PENNSYLVANIA   )
COUNTY OF CHESTER   )

I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 2 /2024.

Signed: _____

Urve Maggitti

Notary as JURAT CERTIFICATE

State of Pennsylvania   Chester County

BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____

Notary Public,
My commission expires: October 31, 2027

Commonwealth of Pennsylvania - Notary Seal
MARYANN KARAGELIAN - Notary Public
Montgomery County
My Commission Expires October 31, 2027
Commission Number 1202621

Page 25 of 26

## CERTIFICATE OF SERVICE

I, Urve Maggitti, hereby certify that a true and correct copy of:
**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS: SHOW CAUSE AND
AUTHORITY TO ACT: By what Authority was the "Judicial Defendants' Motion to
Dismiss the Amended Complaint" filed into this case."**   has been served to:

**1. Michael Daley**
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486

**2. Mathieu J. Shapiro, Defendant**
Obermayer Rebmann Maxwell & Hippel LLP
1500 Market Street, Suite 3400 CTR SQ W,
Philadelphia, Pennsylvania 19102
(t) 215-665-3000
Mathieu.shapiro@obermayer.com

**3. Melissa Blanco, Associate**
Obermayer Rebmann Maxwell & Hippel LLP,
1500 Market Street, Suite 3400 CTR SQ W,
Philadelphia, Pennsylvania 19102
(215) 665-3000
melissa.blanco@@obermayer.com

**4. Paul C. Troy**
Kane, Pugh, Knoell, Troy and Kramer LLP
4 Sentry Parkway east, Suite 100
Blue Bell, PA 19422
(610) 275-2000, Fax: (610) 275-2018
ptroy@kanepugh.com

**5. Michael B. Pullano**
Lewis Brisbois Bisgaard and Smith, LLP
550 E Swedesford Road, Suite 270
Wayne, PA 19087
(215) 977-4100, Fax: (215) 977-4101
Michael.pullano@lewisbrisbois.com

**6. Joseph F. Kampherstein, III**
Lewis Brisbois Bisgaard and Smith, LLP
550 E Swedesford Road, Suite 270
Wayne, PA 19087
(215) 977-4100, Fax: (215) 977-4101
joseph.kampherstein@ lewisbrisbois.com

Signature: _____     Date: _____
Urve Maggitti, 58 E Swedesford Road, Apartment 327, Malvern, PA 19355