**Urve Maggitti**
244 Blackburn Drive
Berwyn, PA 19312
Phone: 917-340-0561
Email: urve.maggitti@gmail.com

## IN THE UNITED STATES DISTRICT COURT
### for the
### EASTERN DISTRICT OF PENNSYLVANIA

---

URVE MAGGITTI,
                *Plaintiff*          **Case NO. 2:23-cv-02273**

BRET M. BINDER, et al,
                                   Hon. Kelley Brisbon Hodge
                *Defendants*

### PLAINTIFF'S REPLY TO ORDER TO SHOW CAUSE

Plaintiff, Urve Maggitti, respectfully submits this response to the Court's January 15, 2025, Order to Show Cause [Doc. No. 134], which directed Plaintiff to demonstrate why she should not be enjoined from filing further lawsuits:

> *"...as a result of Plaintiff's frequent and ongoing filing of voluminous lawsuits, many of which are hundreds of paragraphs long and contain thousands of pages of exhibits, see Civil Action No. 23-1184; Civil Action No. 23-2273; Civil Action No. 23-3185; Civil Action No. 4359; Civil Action No. 23-5141; and Civil Action No. 24- 3168, **IT IS ORDERED THAT** Plaintiff shall **SHOW CAUSE** why she should not be enjoined from filing any complaint, lawsuit, or petition for writ of mandamus, related to: (i) Plaintiff's divorce proceedings; (ii) subsequent actions taken by federal and state judges and municipal officials related to those divorce proceedings; (iii) Plaintiff's grievances with the federal and state judicial systems stemming from those divorces proceedings, and/or related issues. Plaintiff's response is limited to ten (10) pages..."*[1]

Plaintiff contends that such an injunction is unwarranted under the applicable legal standard in the Third Circuit for designating a litigant as vexatious.

### I.    SWORN STATEMENT OF FACTS

Plaintiff declares the following statements under penalty of perjury, averments to which Plaintiff is prepared to testify under oath.

**1.  Case No. 2:23-cv-01184 – Declaratory Judgment**

Filed: 03/27/2023; Status: Terminated 01/29/2025; Appeal: No. 23-3276; Key Legal Issues:
- First Amendment Rights in Civil Proceedings: Whether Plaintiff has the right to have a witness and record an open court proceeding where she is a party, similar to the rights granted in criminal cases.
- Due Process & Equal Protection Violations: Whether barring Plaintiff from recording
- proceedings and ensuring an accurate record violates the Fifth, Ninth, and Fourteenth Amendments.

---

[1] On January 28, 2025, Court Order [Doc. No. 136] granted Plaintiff five extra pages making it 15-pages in total.

- Right to Appeal on a Correct Record: Whether the court's refusal to correct transcript errors deprives Plaintiff of a fair appellate process.
- Inconsistency in Recording Rules: Whether the law unfairly permits recording in criminal cases (Pa.R.Crim.P. Rule 542) but not in civil proceedings.

Page Count in Documents Filed by Plaintiff:
Doc. No. 1 [COMPLAINT], **31**-p, EXH 0-p; Doc. No. 15, **5**-p, EXH 7-p; Doc. No. 18, **31**-p, EXH 48-p; Doc. No. 19, **26**-p, EXH 0-p; Doc. No. 21, **11**-p, EXH 42-p; Doc. No. 22, **11**-p, EXH 27-p; Doc. No. 27, **41**-p, EXH 0-p; Doc. No. 28, **2**-p, EXH 18-p; Doc. No. 30, **40**-p, EXH 28-p; Doc. No. 25, **6**-pages, EXH 0-p; Doc. No. 37, **7**-p, EXH 0-p; Doc. No. 38 [MOTION TO DISQUALIFY HON. HODGE], **25**-p, EXH 780-p; Doc. No. 39, **11**-p, EXH 0-p; Doc. No. 40[MOTION TO DISQUALIFY HON. HODGE], **31**-p, EXH 781-p.

## 2. Case No. 2:23-cv-03185 – Declaratory Judgment (Right to Counsel)

Filed: 08/16/2023; Status: Terminated 01/05/2025; Appeal No. 23-3274; Key Legal Issues:
- Judicial Overreach & Coerced Waiver of Rights: Whether a judge can force Plaintiff to sign a "Waiver of Counsel Colloquy" despite her objection and pending declaratory judgment action.
- Sixth Amendment Violation: Whether Plaintiff was unlawfully denied her right to counsel and pressured to represent herself.
- Due Process Violations: Whether Plaintiff can be required to waive constitutional rights before receiving a ruling clarifying those rights.
- Right to Understand Charges & Legal Representation: Whether Plaintiff was deprived of fundamental legal protections before being forced into criminal proceedings.

Documents Filed by Plaintiff:
Doc.No. 1 [ COMPLAINT], **28**-p, EXH 44-p; Doc.No. 13, **28**-p, EXH 26-p; Doc.No. 14, **42**-p, EXH 17-p; Doc.No. 15, **5**-p, EXH 4-p; Doc.No. 20, **41**-p, EXH 0-p; Doc.No. 21, **2**-p, EXH 18-p; Doc.No. 23, **29**-p, EXH 18-p; Doc.No. 28, **7**-p, EXH 0-p; Doc.No. 29, **25**-p, EXH 780-p; Doc.No. 30, **11**-p, EXH 0-p; Doc.No. 31 [MOTION TO DISQUALIFY HON. HODGE], **31**-p, EXH 781-p;

## 3. Case No. 2:23-cv-02273 – Civil Rights (42 U.S.C. § 1983) & Declaratory Judgment

Filed: 06/14/2023; Status: Active; Appeal No. 25-1176; Key Legal Issues:
- Conspiracy & Legal Malpractice Cover-Up: Attorneys and judicial actors conspired to obstruct Plaintiff's ability to expose legal malpractice at Obermayer Rebmann Maxwell & Hippel LLP.
- Tampering with Court Records & Transcript Fraud: Officials doctored court transcripts to conceal legal malpractice.
- Malicious Prosecution & Retaliation: Defendants used the legal system to harass and silence Plaintiff in retaliation for her whistleblowing.
- First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendment Violations: Claims of systematic abuse of power, wrongful prosecution, and obstruction of legal remedies.
- Request for Federal Grand Jury Investigation: Seeking RICO Act enforcement due to coordinated effort to suppress evidence and obstruct justice.

Documents Filed by Plaintiff:
Doc.No. 5 [ Amended Complaint], **294**-p, EXH 14,968-p; Doc.No. 7, **3**-p, EXH 0-p; Doc.No. 8, **18**-p, EXH 94-p; Doc.No. 9, **22**-p, EXH 572-p; Doc.No. 24, **9**-p, EXH 94-p; Doc.No. 25, **6**-p, EXH 11-p; Doc.No. 28, **21**-p, EXH 249-p; Doc.No. 30, **22**-p, EXH 0-p; Doc.No. 31, **5**-p, EXH 2-p; Doc.No. 32, **22**-p, EXH 0-p; Doc.No. 34, **25**-p, EXH 0-p; Doc.No. 36, **5**-p, EXH 4-p; Doc.No. 40, **13**-p, EXH 0-p; Doc.No. 41, **5**-p, EXH 0-p; Doc.No. 45, **49**-p, EXH 0-p; Doc.No. 46, **40**-p, EXH 0-p; Doc.No. 47, **39**-p, EXH 3-p; Doc.No. 48, **11**-p, EXH 0-p; Doc.No. 54, **16**-p, EXH 0-p; Doc.No. 56, **6**-p, EXH 7-p; Doc.No. 57, **7**-p, EXH 39-p;

Doc.No. 59, **42**-p, EXH 0-p; Doc.No. 60, **2**-p, EXH 18-p; Doc.No. 62, **2**-p, EXH 18-p; Doc.No. 64, **2**-p, EXH 18-p; Doc.No. 65, **62**-p, EXH18-p; Doc.No. 71 [Amended Complaint], **299**-p, EXH 14,968-p; Doc.No. 72, **4**-p, EXH15-p; Doc.No. 74, **8**-p, EXH 23-p; Doc.No. 77, **12**-p, EXH 10-p; Doc.No. 78, **18**-p, EXH 0-p; Doc.No. 83, **68**-p, EXH 81-p; Doc.No. 88, **6**-p, EXH 15-p; Doc.No. 89, **4**-p, EXH 6-p; Doc.No. 91 [Emergency TRO], **181**-p, EXH 193-p; Doc.No. 98, **3**-p, EXH 120-p; Doc.No. 102, **26**-p, EXH 0-p; Doc.No. 103, **111**-p, EXH 32-p; Doc.No. 104, **7**-p, EXH 0-p; Doc.No. 105, **6**-p, EXH 37-p; Doc.No. 107, **11**-p, EXH 7-p; Doc.No. 108, **2**-p, EXH 7-p; Doc.No. 109, **7**-p, EXH 0-p; Doc.No. 112, **2**-p, EXH 7-p; Doc.No. 114 [MOTION TO DISQUALIFY HON. HODGE], **25**-p, EXH 780-p; Doc.No. 117, **11**-p, EXH 0-p; Doc.No. 123, **16**-p, EXH 0-p; Doc.No. 125, **3**-p, EXH 7-p; Doc.No. 128, **7**-p, EXH 0-p; Doc.No. 129, **7**-p, EXH 12-p; Doc.No. 132 [ MOTION TO DISQUALIFY HON. HODGE], **31**-p, EXH 781-p;

### 4. Case No. 2:23-cv-04359 – Civil Rights (42 U.S.C. § 1983) & Declaratory Judgment

Filed: 11/02/2023; Status: Terminated 02/04/2025; Appeal No. 25-1174; Key Legal Issues:
- This case was filed against the unserved defendants in Case No. 2:23-cv-02273.
- Same Legal and Factual Issues as Case No. 2:23-cv-02273: This case mirrors the claims in the original civil rights lawsuit, further expanding allegations of retaliation and legal obstruction.

Documents Filed by Plaintiff:
Doc.No. 1[COMPLAINT], **294**-p, EXH 14,968-pages; Doc.No. 10, **42**-p, EXH 0-p; Doc.No. 11, **9**-p, EXH 14-p; Doc.No. 12, **2**-p, EXH 18-p; Doc.No. 14, **28**-p, EXH 19-p; Doc.No. 17, **7**-p, EXH 46-p; Doc.No. 18, **12**-p, EXH 10-p; Doc.No. 19, **12**-p, EXH 10-p; Doc.No. 20, **18**-p, EXH 0-p; Doc.No. 23, **111**-p, EXH 24-p; Doc.No. 24, **7**-p, EXH 0-p; Doc.No. 25, **6**-p, EXH 37-p; Doc.No. 26, **2**-p, EXH 7-p; Doc.No. 27, **2**-p, EXH 7-p; Doc.No. 28 [ MOTION TO DISQUALIFY HON. HODGE], **25**-p, EXH 780-p; Doc.No. 31, **11**-p, EXH 0-p; Doc.No. 32, **7**-p, EXH 0-p; Doc.No. 33, **7**-p, EXH 12-p; Doc. No. 35 [MOTION TO DISQUALIFY HON. HODGE], **31**-pages, EXH 781-pages

### 5. Case No. 2:23-cv-05141 – Civil Rights (42 U.S.C. § 1983)

Filed: 12/26/2023; Status: Terminated: 01/29/2025; Appeal No. 25-1172; Key Legal Issues:
- Conspiracy to Obstruct Legal Process: Defendants acted under color of law to prevent Plaintiff from serving summons in Case Nos. 2:23-cv-02273 and 2:23-cv-04359.
- Retaliation & Intimidation: Defendants engaged in coercive actions to prevent Plaintiff from exercising her legal rights.
- First, Fourth, Fifth, Sixth, and Fourteenth Amendment Violations: Systematic obstruction of legal proceedings and suppression of due process rights.

Documents Filed by Plaintiff:
Doc.No. 1[COMPLAINT], **95**-p, EXH 345-pp; Doc.No. 10, **7**-p, EXH 46-p; Doc.No. 14, **100**-p, EXH 111-p; Doc.No. 15, **23**-p, EXH 36-p; Doc.No. 17, **16**-p, EXH 383-p; Doc.No. 18, **6**-p, EXH 6-p; Doc.No. 19, **8**-p, EXH 7-p; Doc.No. 20, **2**-p, EXH 7-p; Doc.No. 21, **5**-p, EXH 0-p; Doc.No. 22, **2**-p, EXH 9-p; Doc.No. 24 [ MOTION TO DISQUALIFY HON. HODGE], **25**-p, EXH 780-p; Doc.No. 26, **11**-p, EXH 0-p; Doc.No. 29, **3**-p, EXH 7-p; Doc.No. 32, **3**-p, EXH 2-p; Doc.No. 36, **7**-p, EXH 12-p; Doc.No. 40 [ MOTION TO DISQUALIFY HON. HODGE], **31**-p, EXH 781-p;

### 5. Case No. 2:24-cv-03168 – Antitrust Action

Filed: July 18, 2024, Status: Inactive, never served. Key Legal Issues:
- Monopolization of the Legal Profession: Challenge to the BAR's exclusive control over legal practice.
- Procedural Status: Case was filed but not served. Plaintiff intended to amend but has deprioritized it.

Documents Filed by Plaintiff:
Doc.No. 1 [COMPLAINT], **59**-p, EXH 0-pages; Doc. No. 8, MOTION TO DISQUALIFY HON. HODGE, **25**-p, EXH 780-p; Doc.No. 9, MOTION TO DISQUALIFY HON. HODGE **31**-p, EXH 781-p; Doc.No. 10, **13**-p, EXH 3-p;

## II.     LEGAL STANDARD FOR VEXATIOUS LITIGANTS

### *Court Authority to Impose Pre-Filing Injunctions*

1. Courts have the authority under the All Writs Act, 28 U.S.C.A. § 1651, to impose pre-filing injunctions to prevent *abusive, groundless*, and *vexatious* litigation. See *Yoder v. Wells Fargo Bank, N.A.*, 765 F. App'x 822, 825 (3d Cir. 2019). However, such injunctions must meet specific criteria established by the Third Circuit.

### *Vexatious Litigant Orders Require a Pattern of Abusive Litigation*

8. The Third Circuit has consistently held that pre-filing injunctions must be based on a clear *pattern of meritless, repetitive,* or *harassing filing*s and must be narrowly tailored. *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993), *Chipps v. U.S. Dist. Ct. for the M.D. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989), *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982) ("Access to the courts is a fundamental right, and restrictions must be based on clear abuse of the judicial process.").

9. "[T]his Court has made clear that a pattern of groundless and vexatious litigation will justify an order prohibiting further filings without permission of the court." *Chipps v. U.S. Dist. Court for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989) (citing *Gagliardi v. McWilliams*, 834 F.2d 81 (3d Cir. 1987) ); In re: Oliver, 682 F.2d 443 (3d Cir. 1982)). *Coulter v. Bissoon,* 731 F. App'x 83, 85 (3d Cir. 2018)

### *Procedural Safeguards: Notice and Opportunity to Be Heard*

6. A litigant must receive notice and a meaningful opportunity to be heard before being subjected to a filing injunction. See *Mina v. U.S. Dist. Ct. for E.D. Pa.*, 710 F. App'x 515 (3d Cir. 2017); *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013). This requirement is rooted in constitutionally protected right access to courts, and the principles of due process. (See *Yoder v. Wells Fargo Bank, N.A.,*  765 F. App'x 822 (3d Cir. 2019).

### *Extreme Measure: To Be Used Sparingly*

7. A pre-filing injunction is an extreme measure warranted only in exigent circumstances, such as persistent abuse of the judicial process. See *Yoder v. Wells Fargo Bank, N.A.*, 765 F. App'x 822 (3d Cir. 2019); *Kent v. Philadelphia Dep't of Hum. Servs.*, 813 F. App'x 736 (3d Cir. 2020).

### *Narrowly Tailored:*

8. A pre-filing injunction must be narrowly tailored **to** the specific circumstances of the case and should be used with caution, particularly against pro se litigants. See *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982); *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013); *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993).

9. The injunction should only apply to specific abusive behavior and must not broadly restrict court access. See *Grossberger v. Ruane*, 535 F. App'x 84 (3d Cir. 2013). In *Mina v. United States Dist. Ct. for E. Dist. of Pennsylvania*, the court upheld an injunction limited to future lawsuits against the United States and its employees, given the litigant's history of repetitive, meritless suits. See *Mina v. U.S. Dist. Ct. for E.D. Pa.*, 710 F. App'x 515 (3d Cir. 2017).

10. In *Danihel v. Office of President*, the injunction was narrowly tailored to a small subset of cases, allowing the plaintiff to seek court permission before filing within that subset. See *Danihel v. Off. of President*, 640 F. App'x 185 (3d Cir. 2016).

11. Courts emphasize that filing injunctions are an exception to the rule of free access to courts and must be sparingly used. See *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982); *Yoder v. Wells Fargo Bank, N.A.*, 765 F. App'x 822 (3d Cir. 2019).

12. A filing injunction is an extreme measure and must be narrowly tailored to balance the litigant's due process rights and access to courts. See *In re Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989); Indeed, "[t]he broad scope of the District Court's power ... is limited by two fundamental tenets of our legal system – the litigant's rights to due process and access to the courts." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)." *Kent v. Philadelphia Dep't of Hum. Servs.*, 813 F. App'x 736, 737 (3d Cir. 2020)

### III.    APPLICATION OF THE STANDARD TO PLAINTIFF'S CASE
***Standard for frivolous, groundless allegations, and relitigating decided issues:***

13. The Third Circuit considers actions such as filing numerous frivolous lawsuits, making groundless allegations, and relitigating decided issues as grounds for vexatious litigant designation. See *Day v. Toner*, 530 F. App'x 118, 121 (3d Cir. 2013) (plaintiff filed over 60 lawsuits). Filing meritless and repetitive actions constitutes abuse of the judicial process. See *Mina v. United States Dist. Ct. for E. Dist. of Pennsylvania*, 710 F. App'x 515 (3d Cir. 2017)

***Failure to State a Claim: Rule 12(b)(6) Dismissal***

14. Plaintiff's complaint(s) contain sufficient factual allegations to state a plausible claim for relief under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544 (2007).

> *"What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations. District court judges looking to dismiss claims on such grounds must look elsewhere for legal support."* Neitzke v. Williams, *490 U.S. 319, 327-28 (1989)*

### *Subject Matter Jurisdiction (Rule 12(b)(1))*

15. Plaintiff's claims raise federal question(s) and fall squarely under Civil Rights Act, 42 U.S.C. § 1983, and the court has jurisdiction over the subject matter.

### *Standing*

16. Plaintiff has standing under *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), showing: 1) Injury in fact (concrete and particularized harm); 2) Causation (harm caused by defendant); 3) Redressability (court relief can remedy harm)

### *Res Judicata / Collateral Estoppel (Barred by Prior Decisions)*

17. None of Plaintiff's cases have previously been litigated therefore res judicata (claim preclusion) and collateral estoppel (issue preclusion),are not applicable.

### *Rule 11 Sanctions for Frivolous Filings*

18. Plaintiff has signed verified pleadings attesting under penalty of perjury that all claims are legally and factually grounded in compliance with F.R.C.P. Rule 11.

### *No Authority Or Legal And Factual Basis for Vexatious Litigant*

19. The court appears to be operating under its "inherent power" to manage its docket, issuing a sue sponte order to show cause why the plaintiff does not meet the standard of a vexatious litigant for submitting "voluminous" filings.

20. Court cited no authority or legal or factual basis other than the fact that some filings were voluminous and seems to object that plaintiff has filed several actions for violation of her rights.

21. The court did not cite the Plaintiff's filings, claims, or cases as meritless or intended to wrongfully harass opposing parties.

22. Plaintiff has struggled to find any precedent that provides that a citizen can be denied access to the courts based merely or solely on voluminous filings made in good faith.

23. The court claims the jurisdiction to ban plaintiff from filing any claims or petitions based on a case and factual circumstances that occurred in a separate sovereign.

24. The court has, *sue sponte*, made itself a "victim," apparently claiming that voluminous filings *per se* harm the court itself even if merited and even if necessary to preserve appellate issues or provide comprehensive factual grounds.

### *Plaintiff's Filings Are Not Frivolous or Harassing*

25. At all times and for all the cases or filings, Plaintiff has believed she is filing merited and colorable claims, seeking to protect and preserve her constitutional rights and claims as well as provide the court with the necessary precedent and evidence to properly support her claims. She has always strived to comport with the rules of civil procedure.

26. At no point has the plaintiff intended or believed she was filing unnecessary or precedent facts, or arguments.

27. The legal issues presented have not been fully and fairly adjudicated, as Plaintiff has been denied due process in proceedings. Unlike cases where litigants repeatedly file the same claims after dismissal, Plaintiff's complaints raise distinct legal questions requiring judicial review.

*28.* At no point were any of Plaintiff's cases ever ruled to be frivolous or without merit by the court. Not only are none of the Plaintiffs cases repetitive, they may have some overlap, but that is a burden for the opposing parties to assert in their defense of claim splitting or issue preclusion, not for the court to litigate it for one side. There is no bar on claim-splitting itself and the issue must be raised by opposing party.

### *Plaintiff's Clearly-Established First Amendment Claim(s) Valid and Colorable.*

17. Plaintiff's First Amendment claims are valid and colorable, as demonstrated in *Case No.: 2:23-cv-02273*. Similar arguments have been advanced by legal advocates, such as Georgetown Law Advocacy. See, e.g., *Commonwealth of Pennsylvania v. Michael Wittman*. One such clearly established First Amendment violation is government officials retaliating against speech they dislike.

18. In *Berge v. Sch. Comm. of Gloucester*, the court stated: "If the First Amendment means anything, it is that public officials cannot— as they did here—threaten a person with legal action under an obviously inapt statute simply because he published speech they did not like." *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (reminding that the First Amendment "'generally'" bans "'government officials from subjecting an individual to retaliatory actions' for engaging in protected speech" (quoting *Hartman v. Moore,* 547 U.S. 250, 256 (2006))); *Sullivan*, 376 U.S. at 269-70 (warning that government officials cannot try to censor or suppress speech they dislike just because they dislike it); see also *Gericke v. Begin*, 753 F.3d 1, 6 (1st Cir.2014) (stressing that "[r]etaliation is always reprehensible" and that "it is obviously improper for officers to invoke [legal processes ] for retaliatory purposes"). Berge v. Sch. Comm. of Gloucester, 107 F.4th 33, 39 (1st Cir. 2024).

29. "The First Amendment (applicable to the states via the Fourteenth) protects the freedom of speech, a freedom that includes the right "to speak, write, print [and] distribute information or opinion." *Schneider v. New Jersey*, 308 U.S. 147,161 (1939)" See, e.g., *United States v. Stevens*, 559 U.S. 460, 468 (2010)

### *First Amendment Protections and Prior Restraint On Speech*

30. A regulation that "condition[s] the exercise of expressive activity on official permission . . . constitute[s] a prior restraint on speech." *MacDonald v. Safir*, 206 F.3d 183, 194 (2d Cir. 2000) (citation omitted). Section 5103.1 does exactly that: it conditions the rights of the public and the press to take photographs and make recordings on securing the "approval of the court or presiding judicial officer." 18 Pa. Cons. Stat. § 5103.1(a).

31. The activity that § 5103.1 inhibits - constitutes protected expression under both the First Amendment and Article I, § 7. "The First Amendment protects actual photos, videos, and recordings, and for this protection to have meaning the Amendment must also protect the act of creating that material." *Fields v. City of Philadelphia*, 862 F.3d 353, 358 (3d Cir. 2017). Indeed, ample case law recognizes that "[t]here is no practical difference between allowing [the government] to prevent people from taking recordings and actually banning the possession or distribution of them." *Id.*; *see also, e.g.*, *ACLU of Illinois v. Alvarez*, 679 F.3d 583, 595-96 (7th Cir. 2012) ("Restricting the use of an audio or audiovisual recording device suppresses speech just as effectively as restricting the dissemination of the resulting recording.").

32. For this reason, the First Amendment requires that the government's discretion to grant or deny someone the right to engage in expressive activity be limited by clear, objective criteria. The Supreme Court has held that prior restraints must be limited by clear, objective criteria to prevent discriminatory enforcement. See *City of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 758 (1988); *Forsyth County v. Nationalist Movement*, 505 U.S. 123, 133 (1992).

33. The Supreme Court has long recognized that "the press and general public have a constitutional right of access to criminal trials" and statutes restricting this right are unconstitutional. See *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603 (1982). *Whiteland Woods v. Twp. of W. Whiteland*, 193 F.3d 177, 183 (3d Cir. 1999).

34. Courts have struck down blanket bans on electronic recording in judicial proceedings due to their chilling effect on public access. See *People v. Boss*, 701 N.Y.S.2d 891, 895 (Sup. Ct. 2000).

35. "Every Circuit Court of Appeals to address this issue (First, Fifth, Seventh, Ninth, and Eleventh) has held that there is a First Amendment right to record police activity in public. See

*Turner v. Lieutenant Driver*, 848 F.3d 678 (5th Cir. 2017); Gericke v. Begin, 753 F.3d 1 (1st Cir. 2014); *Am. Civil Liberties Union of Ill. v. Alvarez*, 679 F.3d 583 (7th Cir. 2012); *Glik v. Cunniffe*, 655 F.3d 78 (1st Cir. 2011); *Smith v. City of Cumming*, 212 F.3d 1332 (11th Cir. 2000); *Fordyce v. City of Seattle*, 55 F.3d 436 (9th Cir. 1995). Today we join this growing consensus. Simply put, the First Amendment protects the act of photographing, filming, or otherwise recording police officers conducting their official duties in public." *Fields v. City of Philadelphia*, 862 F.3d 353, 355–56 (3d Cir. 2017)

### *He Who Defies A Decision Interpreting The Constitution Knows Precisely What He Is Doing*

26. First Amendment rights are so well-established that government officials who violate them act in deliberate defiance of constitutional precedent. As the Supreme Court noted: "He who defies a decision interpreting the Constitution knows precisely what he is doing. If sane, he hardly may be heard to say that he knew not what he did.... When they act willfully in the sense in which we use the word, they act in open defiance or in reckless disregard of a constitutional requirement which has been made specific and definite. When they are convicted for so acting, they are not punished for violating an unknowable something." *Screws v. United States*, 325 U.S. 91, 104-05 (1945).

### *Case Law Supporting Plaintiff's Claims*

36. Courts recognize that recording public officials is protected expressive activity: *Fields v. City of Philadelphia*, 862 F.3d 353 (3d Cir. 2017). *Project Veritas v. Schmidt*, 72 F.4th 1043, 1059–60 (9th Cir. 2023) ("The act of recording is itself an inherently expressive activity" warranting First Amendment protection).

37. "We are bound by *Wasden's* conclusion that "[t]he act of recording is itself an inherently expressive activity" that merits First Amendment protection. 878 F.3d at 1203. Therefore, prohibiting a speaker's creation of unannounced recordings in public places to protect the privacy of people engaged in conversation in those places is the equivalent of prohibiting protesters' or buskers' speech in public places for the same purpose. See *Berger*, 569 F.3d at 1054." *Project Veritas v. Schmidt*

38. "The government does not have a compelling interest in protecting individual privacy against unwanted communications (including the "speech" comprised of recording others) in areas open to the public unless the audience's "substantial privacy interests are being invaded in an essentially intolerable manner." *Cohen v. California*, 403 U.S. 15, 21, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971);" *Project Veritas v. Schmidt*, 72 F.4th 1043, 1059–60 (9th Cir. 2023)

39. "Audiovisual recording is a unique medium of communication. It captures in real time both the sounds and sights of an event, making it more trustworthy and persuasive—and thus having vastly greater impact—than post-hoc written or oral accounts. See *Fields v. City of Philadelphia*, 862 F.3d 353, 359 (3d Cir. 2017) (noting that audiovisual recordings "corroborate[ ] or lay[ ] aside subjective impressions for objective facts");" *Project Veritas v. Schmidt,* 72 F.4th 1043, 1066 (9th Cir. 2023)

40. "Under *Wasden,* the creation of an unannounced recording of a subject's unguarded cond conduct (which would include any statements made in the course of such conduct) is itself a form of protected speech and constitutes "a significant medium" of public expression. 878 F.3d at 1203 (citation and quotation marks omitted)." *Project Veritas v. Schmidt,* 72 F.4th 1043, 1066 (9th Cir. 2023).

### *Requirement For Narrow Tailoring of Injunctions*

41. In addition to the fact that this order invokes an extreme power of injunction because it contemplates the extreme measure of banning the Plaintiff's access to any courts, the order's contemplated injunction in not narrowly tailored or suited to meet the purported or implicit injury alleged as committed against this Court in relation to this case. Any pre-filing injunction must be narrowly tailored to address specific abusive behavior without broadly restricting access to the courts. This principle is supported by cases such as *Grossberger v. Ruane* and *Mina v. United States Dist. Ct. for E. Dist. of Pennsylvania*. "The injunction must be narrowly tailored to fit the specific circumstances of the case. *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir.1993)." *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013)

### *Procedural Safeguards: Full And Fair Hearing*

42. The entry or continuation of an injunction generally requires a hearing, allowing the presentation of evidence for judicial review. (*Corp. Synergies Grp., LLC v. Andrews*, 775 F. App'x 54 (3d Cir. 2019). This ensures that the plaintiff has a fair opportunity to oppose the application and prepare for such opposition. (*Corp. Synergies Grp., LLC v. Andrews*, 775 F. App'x 54 (3d Cir. 2019).

10. "Access to the courts is a fundamental tenet of our judicial system; legitimate claims should receive a full and fair hearing no matter how litigious the plaintiff may be." *In re Oliver,* 682 F.2d 443, 446 (3d Cir. 1982**).**

11. Here the court has limited Plaintiff's "opportunity to be heard" to only 15-pages, three of

which are taken up by synopsis of the cases Plaintiff has filed, with exact page counts of each pleading(s)/motion(s) and exhibits, clearly showing that the only so-called voluminous filing(s) were: a) Plaintiff's Complaints [#02273, Doc. No. 1; #04359, Doc. No. 1], which provide relevant, contextual background information, which were added to facilitate the Court's understanding and just adjudication of the matters in controversy regarding Plaintiffs' claims for damages; and b) motions to Disqualify Hon. Hodge, where the only voluminous page counts were the necessary exhibits.

## *COURT'S BIAS AGAINST PLAINTIFF*
### *Motions To Disqualify Exposing Court's Incompetence and/or Corruption*

12. In motions to disqualify made in good faith, under 28 U.S. Code § 455 and 28 U.S. Code § 144, Plaintiff made out a *prima facie* case that Hon. Kelley Brisbon Hodge, deliberately ignored fundamental crucial jurisdictional questions- the proper process of service strictly governed by the Federal Rules of Civil Procedure, Rule 4 - by which the court can legally obtain the adjudication powers over the parties to an action commenced in the Article III court, which is not a JUDICIAL DECISION but an ADMINISTRATIVE DUTY.[2]

13. Plaintiff pointed out that her substantive right to access court for redress of grievances continue to be violated by the court itself- which is lacking adjudication powers over the non-served parties to an action commenced in the Article III court, by denying Plaintiff's jurisdictional discovery under F.R.C.P. Rule 26(b)(1), and which has Ordered that Plaintiff must continue litigation against the non-served defendants and against parties to an action who's purported counsel(s) have made *unsubstantiated* claims to authority to act.

14. Court has DENIED all jurisdictional challenges raised by Plaintiff, in contradiction to federal rules, precedential Supreme Court and Third Circuit case law, and its own track record in approving discovery motions. See attached EXHIBIT A.

15. Before the U.S. Senate Committee Judiciary Hearings,[3] Hon. Kelley Brisbon Hodge responded to questions repeatedly with following statements: *"The Supreme Court adheres to upholding the Constitution of the United States and the rule of law. If I were confirmed, I would approach each case by faithfully and impartially applying the law to the facts without fear or favor following the precedent set by the Supreme Court and the Third Circuit."*[4] *"If confirmed, I would apply Supreme Court and Third Circuit precedent to any matter that may come before me. As an*

---

[2] Case No. 2:23-cv-02273-KBH [Case No. 2:23-cv-04359] and Case NO. 2:23-CV-05141
[3] https://www.judiciary.senate.gov/imo/media/doc/QFR%20Responses%20-%20Hodge%20-%202022-09-07.pdf
[4] See Question No 9, page 4, of the pdf.doc.; See Question No 9, page 4, of the pdf.doc.

*inferior court, I am bound to do so"*

16. Hon. Kelley Brisbon Hodge has clearly either *forgotten* her answers, making it conceivable that she has been struck with serious health issue that is making her "forget" the fundamental question on how the Article III court obtains the jurisdiction over the case and parties, which would require her removal from the federal bench for reason of her disability.

17. Or alternatively Hon. Kelley Brisbon Hodge is deliberately exhibiting her *paroqualism,* the partiality, the bias against Plaintiff, in favor of defendants, many of whom are public officials. This is clearly a conflict of interest considering that Hon. Kelley Brisbon Hodge [5] has been in public sector of the law enforcement for the majority of her career: since 1996 worked at Richmond Public Defender's Office; in 2004, joined the Philadelphia District Attorney's Office; in 2017 - 2018 serve as District Attorney for Philadelphia.

18. Due process requires, at minimum, that "deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950).

### *Plaintiff's Claims Are Not Repetitive*

19. While the Court notes multiple lawsuits, these actions involve different aspects of the judicial and administrative conduct surrounding Plaintiff's colorable constitutional claims. Action No. 2:23-cv-04359 was filed out of necessity to include previously unserved defendants in Action No. 2:23-cv-02273, in order for the Article III court to obtaining jurisdiction over the parties. Rest of the cases raise different legal bases, and different parties [sued in different capacities] and clearly not duplicating previous claims.

20. Courts in the Third Circuit have recognized that a litigant should not be deemed vexatious merely for pursuing complex litigation involving overlapping factual backgrounds. See *In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982).

### *Plaintiff Has Acted in Good Faith and Complied with Court Orders*

21. Plaintiff has adhered to all procedural requirements, timely responding to court directives, and engaging in litigation within the bounds of proper legal conduct. The existence of multiple filings alone is insufficient to establish a pattern of vexatious litigation absent evidence of bad faith or harassment, neither of which exist here.

---

[5] https://vettingroom.org/2022/08/01/kelley-hodge/

22. The plaintiff, like many citizens, does not have limitless power or money to advocate for her rights and claims, and she has attempted to comply with the rules and procedures of Court while zealously defending or advocating for herself. That has been her only intent.

### *Right of Access to Courts Under the First and Fourteenth Amendments*

23. The court, *sua sponte*, seeks the extreme measure of banning access to file even merited or colorable claims even outside of this case and outside of this court; in fact, the order is extreme enough to claim jurisdiction to ban the citizen from filing a claim anywhere in the United States and possibly the world.

24. The fundamental right of access to the courts is protected by the First Amendment and the due process clause of the Fourteenth Amendment. This right is well-established and has been recognized as fundamental for centuries, as noted in cases like *Abdul-Akbar v. McKelvie* and *Brown v. Grabowski*. "The right of access to the courts has long been deemed fundamental. As long ago as 1215, this right was articulated in Chapter 29 of the Magna Carta. In the seminal case of *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 163, 2 L.Ed. 60 (1803) the Supreme Court observed that "[t]he very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury." More recently, the Court has repeatedly recognized the fundamental importance of the right of access to courts." *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 325–26 (3d Cir. 2001) See also *Borough of Duryea v. Guarnieri,* 564 U.S. 379, 394 (2011) ("The right to petition allows citizens to access courts to seek redress of grievances, particularly in constitutional matters.").

25. Access to courts is a fundamental tenet of the judicial system, ensuring that legitimate claims receive a full and fair hearing, regardless of how litigious a plaintiff may be. See In re Oliver, 682 F.2d 443, 446 (3d Cir. 1982); Watson v. Norris, 901 F.2d 329, 332 (3d Cir. 1990); Abdul-Akbar v. McKelvie, 239 F.3d 307, 326 (3d Cir. 2001).

26. "A deprivation of the constitutional right of access to the courts clearly is actionable under section 1983. *See, e.g., Abdul–Akbar v. Watson,* 901 F.2d 329 (3d Cir.) (holding that district court's denial of prisoner's sixth amendment right of meaningful access to the courts was actionable under section 1983)." *Brown v. Grabowski, 922 F.2d 1097, 1111–12 (3d Cir. 1990).*

27. "The due process clause of the fourteenth amendment imposes upon state actors an obligation to refrain from preventing individuals from obtaining access to the civil courts. *See Wolff,* 418 U.S. at 578–79, 94 S.Ct. at 2985–86; *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971)." *Brown v. Grabowski, 922 F.2d 1097, 1113 (3d Cir. 1990).*

This right is actionable under 42 U.S.C.A. § 1983, See *Brown v. Grabowski.*

28. The Third Circuit in "*Brown v. Grabowski*" noted that the due process clause of the Fourteenth Amendment imposes an obligation on state actors to refrain from preventing individuals from obtaining access to the civil courts. "…individual's constitutional right of access to the courts is well settled. See *Chambers v. Baltimore & Ohio Railroad*, 207 U.S. 142, 28 S.Ct. 34, 52 L.Ed. 143 (1907), …*Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (fourteenth amendment due process clause assures citizens access to courts to present allegations that fundamental constitutional rights have been violated)" *Brown v. Grabowski, 922 F.2d 1097, 1111–12 (3d Cir. 1990).*

### *Blanket Pre-Filing Injunction Would Be Overly Broad and Unjust*

29. The Third Circuit requires that any injunction be narrowly tailored to prevent abuse while preserving a litigant's right to access the courts. See *Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990). A blanket restriction on Plaintiff's ability to file any new complaints would be an unconstitutional restriction on her right to petition the government for redress under the First Amendment.

30. It is well-settled that access to federal courts is a fundamental right, which cannot be infringed without compliance with due process. See *Chambers v. Baltimore & Ohio R.R. Co.*, 207 U.S. 142, 148 (1907). "The right to sue and defend in the courts is the alternative of force. In an organized society it is the right conservative of all other rights, and lies at the foundation of orderly government. It is one of the highest and most essential privileges of citizenship" *Chambers v. Baltimore Ohio R.R*, 207 U.S. 142, 148 (1907).

### *Length Alone Does Not Make a Filing Frivolous or Vexatious*

31. The Third Circuit and U.S. Supreme Court recognize that constitutional claims often require detailed pleadings due to their complexity.

32. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement," but verbosity alone does not render a complaint frivolous unless it is so unintelligible that it fails to state a claim. See *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (A claim is not frivolous simply because it is unlikely to succeed; frivolousness requires a lack of an arguable legal or factual basis). See *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376 (7th Cir. 2003) (Prolixity alone does not justify dismissal unless it makes the complaint "unintelligible").

33. Constitutional claims, particularly those alleging First and Fourteenth Amendment violations, require greater detail to withstand a Rule 12(b)(6) challenge. See *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) ("A pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). Since courts require detailed pleadings to survive early dismissal, a court cannot simultaneously fault a plaintiff for pleading too much detail while demanding sufficient facts to state a claim.

### *No Third Circuit precedent supports declaring a litigant vexatious solely based on the length of pleadings.*

34. Instead, courts require proof of intentional abuse, such as repetitive meritless filings or lawsuits meant to harass defendants.

35. A vexatious litigant order based purely on the length of pleadings effectively denies a litigant access to the courts, violating these constitutional protections. A vexatious litigant order cannot preemptively ban a plaintiff from filing all future cases, especially when cognizable constitutional claims are at stake. See *Kent v. Philadelphia Dep't of Hum. Servs.*, 813 F. App'x 736, 737 (3d Cir. 2020); *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013) (Pre-filing injunctions must apply only to abusive behavior, not broadly restrict access to courts).

36. If a court bans a litigant based solely on the verbosity of pleadings, without proof of abusive intent, the injunction is impermissibly broad.

## V. CONCLUSION

### *A Vexatious Litigant Order Based on Length Violates Established Law*

1. No Third Circuit or U.S. Supreme Court precedent supports labeling a litigant vexatious based solely on verbosity.
2. Complex constitutional claims require detailed pleadings, making length an improper criterion for determining frivolousness.
3. Vexatious litigant determinations require a clear pattern of abusive, meritless filings, not just lengthy ones.
4. A pre-filing injunction that restricts access to courts based on pleading length violates First and Fourteenth Amendment protections.
5. Pre-filing orders must be narrowly tailored and cannot be used to block access to legitimate constitutional claims.

For the foregoing reasons, Plaintiff respectfully requests that the Court decline to impose a pre-filing injunction, as Plaintiff's actions do not meet the Third Circuit's legal standard for vexatious litigation.

Respectfully submitted,

Signature: _____  Date: _February 28, 2025_
Urve Maggitti
244 Blackburn Drive, Berwyn, PA 19312, urve.maggitti@gmail.com

## ACKNOWLEDGMENT
## AFFIDAVIT
### (Verification)

STATE OF PENNSYLVANIA )
COUNTY OF CHESTER )

I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February / 28 / /2025.

Signed: _____
Urve Maggitti

Notary as JURAT CERTIFICATE
State of Pennsylvania County Montgomery
BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____
Notary Public,
My commission expires: 07/20/27

Commonwealth of Pennsylvania - Notary Seal
Ryan W. Graham, Notary Public
Montgomery County
My commission expires July 20, 2027
Commission number 1433473
Member, Pennsylvania Association of Notaries

Page 16 of 17

# CERTIFICATE OF SERVICE

I, Urve Maggitti, hereby certify that a true and correct copy of has been electronically served upon:

**1. Michael Daley**
Administrative Office of PA Courts
1515 Market Street, Suite 1414, Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6326, Fax: (215) 560-5486

**2. Mathieu J. Shapiro, Defendant**
Obermayer Rebmann Maxwell & Hippel LLP
1500 Market Street, Suite 3400 CTR SQ W, , Philadelphia, Pennsylvania 19102
(t) 215-665-3000
Mathieu.shapiro@obermayer.com

**3. Melissa Blanco, Associate**
Obermayer Rebmann Maxwell & Hippel LLP,
1500 Market Street, Suite 3400 CTR SQ W, Philadelphia, Pennsylvania 19102
(215) 665-3000
melissa.blanco@@obermayer.com

**4. Paul C. Troy**
Kane, Pugh, Knoell, Troy and Kramer LLP
4 Sentry Parkway east, Suite 100, Blue Bell, PA 19422
(610) 275-2000, Fax: (610) 275-2018
ptroy@kanepugh.com

**5. Michael B. Pullano**
Lewis Brisbois Bisgaard and Smith, LLP
550 E Swedesford Road, Suite 270, Wayne, PA 19087
(215) 977-4100, Fax: (215) 977-4101
Michael.pullano@lewisbrisbois.com

**6. Joseph F. Kampherstein, III**
Lewis Brisbois Bisgaard and Smith, LLP
550 E Swedesford Road, Suite 270, Wayne, PA 19087
(215) 977-4100, Fax: (215) 977-4101
joseph.kampherstein@ lewisbrisbois.com

**7. GUY A. DONATELLI**
LAMB & MCERLANE, P.C.
24 EAST MARKET ST., P.O. BOX 565, WEST CHESTER, PA 19381-0565
610-430-8000
Fax: 610-692-6210
Email: gdonatelli@lambmcerlane.com