# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| URVE MAGGITTI,<br>            Plaintiff,<br><br>        v.<br><br>BRET M. BINDER, ANTHONY T. VERWEY, WILLIAM P. MAHON, MARTIN G. GOCH, MARC J. LIEBERMAN, JOHN HALL, DEBRA TODD,  DEB RYAN, DANIEL E. ROLAND, FREDDA L. MADDOX, ROSANA CASTRO, DEBBIE HUNTER, JACK A. PANELLA, MOTION'S JUDGE(S), Superior Court of Pennsylvania, BENJAMIN D. KOHLER, AMY DREIBELBIS, HILLARY J. MOONAY, DAVID A. NASATIR, MATHIEU J. SHAPIRO, THOMAS A. LEONARD III, NICHOLAS PODUSLENKO, MELISSA BLANCO, DAVID LADOV, ENRICO PAGANELLO, WILLIAM C. WENNER, NANCY L. CLEMENS, SUSAN P. GANTMAN, RENEE COHN JUBELIRER, ANDREW E. MASICH, Ph.D., MICHAEL BRUNELLE, SCOTT B. COOPER, SUDHIR R. PATEL, TARA MOBLEY, THOMAS J. FARRELL, RAYMOND S. WIERCISZEWSKI, JESSE G. HEREDA, DANA C. BELELLA, SUZANNE E. PRICE, in both individual and official capacity as Attorney Registrar Executive Office, the Disciplinary Board of the Supreme Court of Pennsylvania, LAURA K. MOHNEY, KIMBERLY M. HENDERSON, JERRY M. LEHOCKY, DION G. RASSIAS, JOSHUA M. BLOOM, CELESTE L. DEE, LAURA E. ELLSWORTH, CHRISTOPHER M. MILLER, ROBERT J. MONGELUZZI, GRETCHEN A. MUNDORFF, JOHN C. RAFFERTY, JR., HON. ROBERT L. REPARD, DAVID S. SENOFF, SHOHIN | CIVIL ACTION<br><br><br><br>NO.  23-2273 |

|  |  |
|---|---|
| H. VANCE, RAMONA M. MARIANI, ANTHONY P. SODROSKI, HAROLD E. CIAMPOLI, JR., KRISTA K. BEATTY, JAMES M. FOX, JANA M. PALKO, ANNA M. CIARDI, BRIDGET GALLOWAY OWEN, STEVEN PARKINSON, WILLIAM JUDGE, KEVIN M. DOUGHERTY, DAVID N. WECHT, SALLIE UPDYKE MUNDY and P. KEVIN BROBSON, Defendants. |  |

## O R D E R

**AND NOW**, this 1st day of August, 2025, upon consideration of Plaintiff's pending motions (ECF Nos. 147, 148, 150, 152, and 154), **IT IS ORDERED** that:

1. Plaintiff's "Reply and Motion to Strike the Motion to Dismiss Second Amended Complaint" (ECF No. 147) is **DENIED AS MOOT**.[1]

2. Plaintiff's "Opposition and Motion to Strike Rule 12(b)(6) and Rule 8(a) Motion as Sham Pleading" (ECF No. 148) is **DENIED AS MOOT**.[2]

3. Plaintiff's "Exception, Objection, and Correction of the Record and Motion for Reconsideration Based on Corrected Record" (ECF No. 150) is **DENIED**.[3]

---

[1] Plaintiff filed her opposition to the Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 81), which was filed on February 24, 2024. At present, that motion (ECF No. 81) is no longer pending; it was denied as moot by the Court in its July 22, 2024 Order. (ECF No. 101.) As such, there is no nothing for the Court to rule on at this time.

[2] Plaintiff opposes and moves to strike Defendants Deborah Ryan. Daniel Roland, and William Judge's Motion to Dismiss. (ECF No. 80.) Again, this motion is no longer pending. It was denied as moot in the Court's July 22, 2024 Order. (ECF No. 101.) The Court also notes that ECF No. 149 appears to be Plaintiff's opposition to Defendant Enrico Pagnanelli's Motion to Dismiss (ECF No. 79.) That motion (ECF No. 79) was also denied as moot in the Court's July 22, 2024 Order. (ECF No. 101.) No ripe Motions to Dismiss are before the Court.

[3] This is Plaintiff's second Motion for Reconsideration of the Court's Order denying her request to file via the electronic filing system. (*See* ECF Nos. 140, 145.) In her second motion, Plaintiff accuses this Court of stating incorrect information and causing a chilling effect by warning Plaintiff that her behavior with respect to the Clerk's Office is not acceptable. (ECF No. 150 at 7-8.) To be clear, the Court's order has no effect on Plaintiff's ability to file with the clerk's office; however, the Court does alert Plaintiff of potential consequences should she again threaten or malign staff in this Courthouse. A successful motion for reconsideration requires the movant to show "(1) an intervening change in the controlling law; (2) new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or prevent manifest injustice." Gibson v. State Farm Mut. Auto. Ins. Co.,

4. Plaintiff's "Motion for Trial by Jury for Administrative Decision to Label Plaintiff Vexatious Litigant" (ECF No. 152) is **DENIED**.[4]

5. Plaintiff's Improperly-Titled Motion for a More Definite Statement (ECF No. 154), which the Court considers a request for information, is **GRANTED**.[5]

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**

---

994 F.3d 182, 190 (3d Cir. 2021) (citing Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)). In the present motion, Plaintiff fails to address any of these factors. Therefore, the second Motion to Reconsider is denied.

[4] Plaintiff is not entitled to a jury trial on the question of whether she is a vexatious litigant. The Seventh Amendment entitles individuals to trial by jury in "suits in which *legal* rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (citing *Parsons v. Bedford*, 3 Pet. 433, 447 (1830)). The imposition of a pre-filing injunction on Plaintiff constitutes an equitable remedy. Moreover, trial is meant to resolve ultimate issues of a case, rather than discrete intermediate issues. A trial is not appropriate to address the question of whether Plaintiff is a vexatious litigant; however, the Court will hold a hearing on the Show Cause Order, giving Plaintiff an opportunity to be heard.

[5] As Plaintiff correctly states, on January 15, 2025 the Court issued an Order instructing Plaintiff to file only in the lead case, Civil Action No. 23-2273. On February 5, 2025, Plaintiff filed an "Emergency Motion to Stay Pending Appeals" in both the lead case and in Civil Action No. 23-4359. (Civil Action No. 23-4359, ECF No. 45.) The Court of Appeals then dismissed Plaintiff's appeal. (Civil Action No. 23-4359, ECF No. 46.) This Court then issued an order dismissing the Emergency Motion in Civil Action No. 23-4359 as moot, given the Third Circuit's ruling. (Civil Action No. 23-4359, ECF No. 47.) In that Order, the Court reminded Plaintiff that she was not to file in any case other than the lead case, because the Emergency Motion, filed after the Court's January 15 Order, *was* filed in Civil Action No. 23-4359—which is not the lead case. No corresponding order appears on the docket in the lead case because the Court addressed Plaintiff's identical Motion to Stay the lead case (Civil Action No. 23-2273, ECF No. 144) on February 5, 2025, denying that motion. (Civil Action No. 23-2273, ECF No. 146.) Nothing in the Court's June 12, 2025 Order (Civil Action No. 23-4359, ECF No. 47) restricts Plaintiff's filing in the lead case. All related cases are closed and have no pending motions, and Plaintiff should continue to file any motions or other filings only in the lead case, Civil Action No. 23-2273.