# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| URVE MAGGITTI,<br>                Plaintiff,<br><br>v.<br><br>BRET M. BINDER, ANTHONY T. VERWEY, WILLIAM P. MAHON, MARTIN G. GOCH, MARC J. LIEBERMAN, JOHN HALL, DEBRA TODD, DEB RYAN, DANIEL E. ROLAND, FREDDA L. MADDOX, ROSANA CASTRO, DEBBIE HUNTER, JACK A. PANELLA, MOTION'S JUDGE(S), Superior Court of Pennsylvania, BENJAMIN D. KOHLER, AMY DREIBELBIS, HILLARY J. MOONAY, DAVID A. NASATIR, MATHIEU J. SHAPIRO, THOMAS A. LEONARD III, NICHOLAS PODUSLENKO, MELISSA BLANCO, DAVID LADOV, ENRICO PAGANELLO, WILLIAM C. WENNER, NANCY L. CLEMENS, SUSAN P. GANTMAN, RENEE COHN JUBELIRER, ANDREW E. MASICH, Ph.D., MICHAEL BRUNELLE, SCOTT B. COOPER, SUDHIR R. PATEL, TARA MOBLEY, THOMAS J. FARRELL, RAYMOND S. WIERCISZEWSKI, JESSE G. HEREDA, DANA C. BELELLA, SUZANNE E. PRICE, in both individual and official capacity as Attorney Registrar Executive Office, the Disciplinary Board of the Supreme Court of Pennsylvania, LAURA K. MOHNEY, KIMBERLY M. HENDERSON, JERRY M. LEHOCKY, DION G. RASSIAS, JOSHUA M. BLOOM, CELESTE L. DEE, LAURA E. ELLSWORTH, CHRISTOPHER M. MILLER, ROBERT J. MONGELUZZI, GRETCHEN A. MUNDORFF, JOHN C. RAFFERTY, JR., HON. ROBERT L. REPARD, DAVID S. SENOFF, SHOHIN | CIVIL ACTION<br><br><br>NO. 23-2273 |

**H. VANCE, RAMONA M. MARIANI, ANTHONY P. SODROSKI, HAROLD E. CIAMPOLI, JR., KRISTA K. BEATTY, JAMES M. FOX, JANA M. PALKO, ANNA M. CIARDI, BRIDGET GALLOWAY OWEN, STEVEN PARKINSON, WILLIAM JUDGE, KEVIN M. DOUGHERTY, DAVID N. WECHT, SALLIE UPDYKE MUNDY and P. KEVIN BROBSON,**

                **Defendants.**

# O R D E R

**AND NOW**, this 9th day of October, 2025, following this Court's Order on January 15, 2025 (ECF No. 134), upon consideration of Plaintiff's responses to the Order (ECF Nos. 138, 140, 151, 152, 161, 166), Defendants' opposition to Plaintiff's response (ECF No. 159), and upon arguments made orally at the Show Cause Hearing on October 8, 2025, **IT IS HEREBY ORDERED** that Plaintiff is enjoined from filing any complaint, lawsuit, or petition for writ of mandamus, related to: (i) Plaintiff's divorce proceedings; (ii) subsequent actions taken by federal and state judges and municipal officials related to those divorce proceedings; (iii) Plaintiff's grievances with the federal and state judicial systems stemming from those divorce proceedings and/or related issues.[1]

---

[1] District Courts can impose filing injunctions on litigants who have engaged in abusive, groundless, and vexatious litigation in order to serve "[t]he interests of repose, finality of judgment, protection of defendants from unwarranted harassment, and concern for maintaining order in the court's docket." *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). In order to impose such an injunction, a court must: (1) determine that there are exigent circumstances, such as when a litigant continuously abuses the judicial process; (2) give notice to the litigant to show cause why the proposed injunction should not issue; and (3) the scope of the injunction must be narrowly tailored to the particular circumstances of the case. *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993).

    Plaintiff has filed six actions in the Eastern District of Pennsylvania stemming from Plaintiff's divorce proceeding in the Court of Common Pleas of Chester County, Pennsylvania, and relate to civil and criminal actions that arose from Plaintiff allegedly surreptitiously recording the divorce proceeding occurring in court. These lawsuits primarily relate to actions taken by federal and state judges and municipal officials in connection with Plaintiff's divorce proceeding, and Plaintiff's grievances with the federal and state judicial system in those actions. She has brought suit against sixty-eight defendants consisting of municipal, common pleas and appellate judges, private attorneys, elected government officials, and government employees. In addition to the number of cases filed against dozens of defendants, Plaintiff has been unwilling to appropriately follow steps outlined by the Court. Therefore, these are exigent circumstances that warrant this limited injunction.

3

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

---
    **HODGE, KELLEY B., J.**